# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1320

_____

|  |  |  |
|---|---|---|
| Willie Munn, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Rick Toney, Warden, Varner Unit, | * | District of Eastern Arkansas |
| ADC; Gates, Security Guard, Varner | * | |
| Unit, ADC; Lt. Bass, Varner Unit, | * | |
| ADC, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: December 20, 2005
Filed: January 18, 2006

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Arkansas prisoner Willie Munn appeals from the final decision entered in the District Court for the Eastern District of Arkansas dismissing his 42 U.S.C. § 1983 action following a pretrial evidentiary hearing. For reversal, Munn argues the district court erred in separating his missed-medication claim from his missed-monitoring claim, and he suffered injury from not receiving his blood-pressure medication for nine days. For the reasons discussed below, we reverse and remand.

Munn filed this action against Varner Super Maximum Security Unit Warden Rick Toney, Officer Gates, and Lieutenant Bass, claiming they were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. According to his complaint attachments, on May 19, 2003, Nurse Jan Alexander issued a treatment order that required checking Munn's blood pressure and heart rate twice on Mondays, Wednesdays, and Fridays from May19 to June 19, 2003. On May 21, Munn filed a grievance asserting he told Gates that he had high blood pressure treatment and Gates called Bass, who did not comply with the prescribed treatment. Warden Toney responded on June 12 that Munn had not been taken to the infirmary for blood-pressure checks because he had not shown a prescription to the officer. In a supporting brief filed the same day as the complaint and in a later-filed amended complaint, Munn further alleged that he had requested treatment from Gates and Bass on May 21 because he was experiencing headaches, dizziness, and cramps, and the nurse needed to check his blood pressure and see if he needed to take one of his blood-pressure pills. When treatment was denied, he suffered mental anguish, and when he finally received treatment nine days later, his medication was increased.

At the beginning of the evidentiary hearing, the district court stated that it read the complaint as asserting only that Munn did not receive his prescribed blood-pressure checks while in punitive isolation from May 21-30. Munn replied that he also did not receive his medication while in isolation, and he thought he had raised such a claim in his complaint. When defense counsel stated that Munn had filed no grievance about missed medication, Munn said his grievance stated that defendants had interfered with prescribed treatment. The court thought this grievance statement referred to blood-pressure checks, and the court ruled that Munn would be limited to the blood-pressure-checks issue.

After defense counsel conceded that Munn did not receive any blood-pressure checks for the nine days he spent in isolation, the court stated that the only issue was harm, and asked Munn to testify about any injuries from not getting his blood pressure

checked. Munn testified that prison medical staff had been working for a year to control his blood pressure, and he needed regular blood-pressure checks to determine the type and amount of medication he required. Beginning on May 19, he had a 30-day prescription for blood-pressure medication and for blood-pressure checks every Monday, Wednesday, and Friday. On May 21 in isolation, he told Gates that he had a headache, cramps, a nosebleed, and dizziness; and asked Gates to call Bass and tell him that Munn needed to go to the infirmary for treatment and medication. On May 30, when released from isolation, his blood pressure was checked at the infirmary and he resumed his medication.

In its written order, the district court found the missed-medication claim was not properly before it; and, absent physical injury, the missed-monitoring claim was barred by 42 U.S.C. § 1997e(e) (no federal civil action may be brought by prisoner for mental or emotional injury suffered while in custody without prior showing of physical injury). In an unsuccessful motion to amend, Munn asserted that the only way for him to receive his blood-pressure medication while in isolation was to be sent to the infirmary "for treatment," and that defendants and the district court had misconstrued his treatment prescription as being for blood-pressure monitoring only. He submitted medical records he had received after the hearing, including a May 19 treatment order by Alexander that prescribed a blood-pressure medication twice daily until June 19.

Because Munn made a jury demand, we review the dismissal de novo. See Randle v. Parker, 48 F.3d 301, 303 (8th Cir. 1995). We first conclude that Munn raised a missed-medication claim prior to the evidentiary hearing. Looking solely at the original complaint and its attachments, we see how the district court believed that Munn alleged only a missed-monitoring claim: Munn stated in the complaint that defendants had denied him prescribed "treatment," and the attached May 19 treatment order referred only to blood-pressure checks. However, in the supporting brief filed the same day as the original complaint and in the amended complaint, Munn alleged

-3-

that he had requested treatment from defendants on May 21 because he was experiencing high-blood-pressure symptoms, the nurse needed to check his blood pressure, and he may have needed to take some of his blood-pressure medication. Looking at all these documents together, we conclude that Munn sufficiently alleged he was denied his blood-pressure medication for the nine days he spent in isolation, and that the district court therefore abused its discretion in disallowing testimony at the evidentiary hearing as to such a claim. See Beach v. Yellow Freight Sys., 312 F.3d 391, 397-98 (8th Cir. 2002) (reviewing for abuse of discretion district court's exclusion of testimony). Additionally, we note Munn had grieved a missed-medication claim: his May 21 grievance stated that he did not receive prescribed "treatment," which May 19 treatment orders--including the ones submitted after the evidentiary hearing--show referred to blood-pressure checks **and** medication.

As for the missed-monitoring claim, we conclude it does not fail under section 1997e(e) for lack of physical injury. Munn alleged and testified that he experienced headaches, cramps, nosebleeds, and dizziness while he was denied treatment; section 1997e(e) is merely a limitation on damages, see Davis v. District of Columbia, 158 F.3d 1342, 1346 (D.C. Cir. 1998); and at a minimum, Munn could recover nominal damages for defendants' admission that they did not comply with the prescribed blood-pressure monitoring, see Royal v. Kautzky, 375 F.3d 720, 722-23 (8th Cir. 2004) (§ 1997e(e) does not bar recovery of nominal and punitive damages, or declaratory and injunctive relief), cert. denied, 125 S. Ct. 2528 (2005).

Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion on both the missed-medication and missed-monitoring claims.

_____