# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1647/08-2578

_____

| | |
|---|---|
| Mindy Kahle, | * |
| | * |
| Plaintiff-Appellee, | * |
| | * |
| v. | * |
| | * |
| Jermaine Leonard, individually and in | * |
| his official capacity, | * Appeal from the United States |
| | * District Court for the District of |
| Defendant-Appellant, | * South Dakota. |
| | * |
| Deputy Tim Malone; Sheriff Don | * |
| Holloway; Pennington County Sheriff's | * |
| Office; Pennington County Jail; Scott | * |
| Schuft, | * |
| | * |
| Defendants. | * |

_____

Submitted: February 12, 2009
Filed: April 27, 2009

_____

Before LOKEN, Chief Judge, MELLOY and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Mindy Kahle sued Jermaine Leonard (and others) under 42 U.S.C. § 1983. A jury found Leonard liable, awarding damages. Leonard appeals *Batson* and evidentiary rulings, jury instructions, and the portion of the judgment (one percent)

applied to Kahle's attorneys' fees.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms the verdict but remands for redetermination of the percentage of damages applied to attorneys' fees under 42 U.S.C. § 1997e(d)(2).

I.

On the night of December 14, 2002, Kahle was a pretrial detainee in the Pennington County Jail in South Dakota.  Leonard, a trainee corrections officer, was on duty.  He entered Kahle's cell three times, forcing sexual contact with her.

Kahle sued him and other Pennington County officials and entities.  *See* **42 U.S.C. § 1983**.  This court affirmed the denial of qualified immunity.  **Kahle v. Malone**, 477 F.3d 544 (8th Cir.), *cert. denied*, 128 S.Ct. 201 (2007).

The jury found Leonard liable.  It awarded Kahle $500,000 in compensatory damages and $600,000 in punitive damages.  Kahle moved for attorneys' fees.  *See* **42 U.S.C. § 1988(b)**.  The district court awarded attorneys' fees, and applied one percent of the damage award to the fees.  *See* **42 U.S.C. § 1997e(d)(2)**.

II.

A.

This court reviews a *Batson* ruling for clear error.  **Snyder v. Louisiana**, 128 S.Ct. 1203, 1207 (2008).  Courts evaluate *Batson* challenges under a three-step test.

> First, the defendant must make a prima facie case that the prosecution's strike was motivated by race; second, the prosecution must offer a race-neutral reason for the strike; and third, taking into account all the evidence, the trial court must find whether or not the prosecutor was motivated by purposeful discrimination.

*United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008), *cert. denied*, — S.Ct. —, 2009 WL 481410 (Mar. 23, 2009), *citing Snyder*, 128 S.Ct. at 1207. *Batson* analysis applies to gender-based strikes in civil cases. *United States v. Clark*, 409 F.3d 1039, 1043 (8th Cir. 2005), *citing J.E.B. v. Alabama ex rel. T.B.,* 511 U.S. 127, 129 (1994) (gender); *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 616 (1991) (civil litigation). "[D]eterminations of credibility and demeanor lie peculiarly within a trial judge's province," and "in the absence of exceptional circumstances," a reviewing court defers to the trial court's ruling. *Snyder*, 128 S.Ct. at 1208 (quotations and citations omitted).

Leonard announced a peremptory strike of Juror 4. A female, Juror 4 testified she taught at a Christian school, used to participate in a Bible club, currently belongs to a horse club and a church, and reads the newspaper and "spiritual novels." Kahle raised a *Batson* challenge, noting that the defense used all three peremptory strikes against women. The district court found a prima facie violation, which Leonard does not challenge. Striking three females does not, by itself, establish a prima facie case. *Moran v. Clarke*, 443 F.3d 646, 652 (8th Cir. 2005) ("numbers alone" do not establish a prima facie case under *Batson*). Here, Kahle relied on more than numbers, arguing that "the challenges that are being done discriminate against women because this is a plaintiff woman what [sic] has been raped." A court should "consider all relevant circumstances" when finding a prima facie *Batson* violation. *Batson*, 476 U.S. at 96.

The district court shifted the burden to Leonard to provide a gender-neutral reason for the strike. Leonard cited Juror 4's religious background, concerned that she would identify with Kahle's religious experience. Leonard claimed "I didn't hear that out of any other juror on that board." The court compared Juror 4 with other venire members who are members of a church or attend religious services. Like Kahle, they stated that they were members or attendees; one also indicated involvement in church

administration.  Taking into account all the evidence, the court sustained the *Batson* challenge.

The district court followed the three-step *Batson* process.  Reviewing the voir dire transcript, this court concludes that the district court did not clearly err in finding a gender-based *Batson* violation.  *See* **Davey v. Lockheed Martin Corp.**, 301 F.3d 1204, 1216 (10th Cir. 2002) (affirming the district court's finding of a gender-based *Batson* violation, and noting that the district court's rejection of the proffered reason for the challenged strike is a credibility finding reviewed for clear error).

B.

Leonard contends that the district court improperly admitted a psychologist's 2008 report as a supplemental report under Fed. R. Civ. P. 26(e).  A party who has disclosed information "must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  **Fed. R. Civ. P. 26(e)**.  "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  **Fed. R. Civ. P. 37(c)(1)**.  This court reviews a district court's 26(e) ruling for "gross abuse of discretion," reversing only if "fundamental unfairness" resulted.  *Porchia v. Design Equip. Co.*, 113 F.3d 877, 882 (8th Cir. 1997).

The psychologist first examined Kahle in 2004.  He authored a report — provided to Leonard — describing Kahle's diagnosis for post-traumatic stress disorder

and depressive disorder.  In early 2008, three weeks before trial, Kahle requested that the psychologist update the report.  The psychologist interviewed Kahle, learned she expected to be released from prison in two years, and estimated the cost of post-incarceration treatment.  Leonard received the report 12 days before trial.  Leonard objected to the updated report, arguing that, by including a cost estimate, it was not supplemental and was, therefore, untimely.

Leonard relies on *Sierra Club v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996), and *Minebea Co., Ltd. v. Pabst*, 231 F.R.D. 3, 6 (D.D.C. 2005).  In *Sierra Club*, the Fifth Circuit held that the district court did not abuse its discretion by barring expert testimony when pretrial disclosures were only one-paragraph summaries.  **Sierra Club**, 73 F.3d at 571.  The *Mineba* court excluded a report offered one week into trial that contained "new or different material."  **Minebea**, 231 F.R.D. at 5-6.  Neither *Sierra Club* nor *Minebea* is instructive in this case.  Leonard also cites *Wegener v. Johnson*, 527 F.3d 687, 690 (8th Cir. 2008), which is inapposite, as the parties there agreed that the disputed disclosure failed to comply with Rule 26(e).

Fed. R. Civ. P. 26(e) requires a party to supplement prior disclosures in a timely manner.  The 2008 report updated a previously-disclosed assessment of Kahle's treatment needs based on additional information — her expected release date.  The district court found that Leonard was not prejudiced by the disclosure, as the updated report quantified a previous assessment of the need for treatment.  *Cf.* **Davis v. U.S. Bancorp**, 383 F.3d 761, 765 (8th Cir. 2004) (no abuse of discretion to allow testimony when "district court reasonably found that there was no unfair surprise" about the topic of testimony); **Farmland Indus., Inc. v. Morrison-Quirk Grain Corp.**, 54 F.3d 478, 482 (8th Cir. 1995) (district court did not abuse its discretion by allowing testimony when opposing party "was neither surprised nor confused at the substance" of the testimony).  The district court did not abuse its discretion by admitting the report.

C.

Leonard contends that the district court erred by rejecting his proposed jury instruction on the § 1983 claim.  He asserts that since Kahle may not bring a federal civil rights action without a showing of physical injury, the court abused its discretion by denying his physical-injury jury instruction.  *See* **42 U.S.C. § 1997e(e)** ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); **§ 1997e(h)** (state pretrial detainees are covered by this section).  Leonard's proposed instruction required the jury to find that "Plaintiff suffered physical injury as a direct result" of Leonard's illegal action.  The district court ruled that injury was a threshold requirement, not an element of the claim.

This court reviews a district court's jury instructions for abuse of discretion and its interpretation of law de novo.  *United States v. Aleman*, 548 F.3d 1158, 1166 (8th Cir. 2008) (jury instructions); *Raymond v. Weber*, 552 F.3d 680, 683 (8th Cir. 2009) (legal interpretation).  A district court may dismiss or grant judgment against a prisoner's lawsuit for failure to comply with 42 U.S.C. § 1997e(e).  *See Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003) (granting opportunity to amend complaint after district court dismissed for failure to comply with § 1997e(e)); *Oliver v. Keller*, 289 F.3d 623, 629 (9th Cir. 2002) ("[T]he district court did not err in dismissing appellant's claim for emotional injury on the basis of § 1997e(e).").  In this case, the district judge found a sufficient showing of physical injury when denying Leonard's motion for summary judgment.  *See Liner v. Goord*, 196 F.3d 132, 135 (2d Cir. 1999) ("[T]he alleged sexual assaults qualify as physical injuries as a matter of common sense.").

Leonard bases his argument on *Munn v. Toney*, 433 F.3d 1087 (8th Cir. 2006). Reversing the dismissal of a prisoner's § 1983 lawsuit, this court noted that the claim "does not fail under section 1997e(e) for lack of physical injury." *Id.* at 1089. "[S]ection 1997e(e) is merely a limitation on damages, and at a minimum, Munn could recover nominal damages for defendants' admission that they did not comply with prescribed blood-pressure monitoring." *Id.* (citation omitted).

*Munn* holds that § 1997e(e) "is merely a limitation on damages," not an element of the § 1983 lawsuit. Consistent with *Munn*, the district court instructed the jury to consider, when determining whether to award damages, "[t]he nature and extent of the injury, [and] whether the injury is temporary or permanent." The district court's jury instructions were not erroneous.

III.

Leonard also challenges the district court's decision to apply one percent of the damage award to Kahle's attorneys' fees. The district court ordered Leonard to pay Kahle's attorneys' fees. *See* **42 U.S.C. § 1988(b)**. When a prisoner prevails in a § 1983 suit for monetary damages, "a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant." **42 U.S.C. § 1997e(d)(2)**. The court applied one percent of Kahle's $1.1 million judgment ($11,000) to attorneys' fees. With Kahle's legal expenses totaling $186,208.88, Leonard is responsible for $175,208.88 in attorneys' fees, in addition to the $1.1 million judgment. This court reviews an award of attorneys' fees for abuse of discretion. *Bah v. Cangemi*, 548 F.3d 680, 683 (8th Cir. 2008).

Selecting one percent, the district court observed that the Eighth Circuit had provided "no guidance in the application of the statute," that district courts have twice

applied one percent, and concluded that it "similarly finds one percent to be the appropriate figure in this case." *See Boesing v. Hunter*, 2007 WL 1485976 (E.D. Mo. May 18, 2007) (unpublished) (applying one percent), *aff'd on other grounds*, 540 F.3d 886 (8th Cir. 2008); *Lawrence v. Bowersox*, No. 4:97-1135 (E.D. Mo. Oct. 2, 2002) (applying one percent), *citing Morrison v. Davis*, 88 F. Supp. 2d 799, 811 (S.D. Ohio 2000). The *Morrison* court applied ".0000666%" of the award to attorneys' fees after noting its discretion ranged between zero and 25 percent. *Id.* The *Morrison* court based this percentage on "the facts of this case, the constitutional rights implicated, and the jury's clear signal that the Defendants should be punished." *Id.*

"[T]he district court has discretion in determining the amount of a fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id.* "It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award." *Id.*

Congress enacted § 1997e(d)(2) in 1996. *See* **Omnibus Consolidated Rescissions and Appropriations Act of 1996**, Pub. L. 104-134, 110 Stat. 1321 (1996). Neither the statutory language nor the legislative history describes how a court sets an appropriate percentage under § 1997e(d)(2).[1] *See* **H. R. Rep. 104–537** (1996) (Conf. Rep.). A district court has discretion to apply between zero and 25 percent of the damages award towards attorneys' fees. *Boesing*, 540 F.3d at 892. No circuit court has articulated factors for a district court to apply when determining an appropriate percentage under § 1997e(d)(2).

---

[1] As stated by the Supreme Court, when enacting § 1988 Congress identified twelve factors for determining an award of attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983). These factors guide courts' calculations of the amount of attorneys' fees, not the percentage of an award that should be applied under § 1997e(d)(2) towards attorneys' fees.

This court is not, however, without precedent addressing the award of attorneys' fees. More than two decades ago, this court adopted a multi-factor test for determining whether and to what extent a prevailing party should receive attorneys' fees in ERISA cases. *Lawrence v. Westerhaus*, 749 F.2d 494, 496 (8th Cir. 1984) (per curiam), *citing Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266-67 (5th Cir. 1980). This court later modified the *Westerhaus* test, explaining that the enumerated factors are "non-exclusive," need not be "mechanically applied," and that district courts should consider "other relevant considerations" when determining attorneys' fee awards. *Martin v. Arkansas Blue Cross and Blue Shield*, 299 F.3d 966, 972 (8th Cir. 2002) (en banc). *See Starr v. Metro Systems, Inc.*, 461 F.3d 1036, 1041 (8th Cir. 2006) (discussing the non-exclusive *Westerhaus* factors); *Seitz v. Metropolitan Life Ins. Co.*, 433 F.3d 647, 652 (8th Cir. 2006) (same).

Almost all of the *Westerhaus* factors apply here. When determining the percentage of an award to apply to attorneys' fees under § 1997e(d)(2), a district court should consider: (1) the degree of the opposing parties' culpability or bad faith, (2) the ability of the opposing parties to satisfy an award of attorneys' fees, (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances, and (4) the relative merits of the parties' positions. The court may also use other relevant considerations. *See Martin*, 299 F.3d at 972. A district court need not mechanically apply these factors. A district court has broad discretion in determining an appropriate percentage under § 1997e(d)(2).[2]

---

[2]Leonard does not appeal that both compensatory and punitive damages are covered by the one percent application. This court expresses no opinion on that issue.

IV.

The judgment is affirmed, except for the percentage of the damages applied to attorneys' fees under 42 U.S.C. § 1997e(d)(2), and the case remanded.

LOKEN, Chief Judge, concurring.

I join the opinion of the court with the added observation that, in this case, I conclude it would be an abuse of discretion under 42 U.S.C. § 1997e(d)(2) not to satisfy the district court's entire attorney's fee award of $186,208.88, which equals 16.93% of the $1,100,000 monetary judgment awarded to Kahle, from that judgment.

_____