

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2009

# Mike Perez v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2807

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Mike Perez v. USA" (2009). *2009 Decisions.* Paper 1326.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1326

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2807
_____

MIKE PEREZ,
                              Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 04-CV-01944)
District Judge:  Honorable Christopher C. Conner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 18, 2009

Before: RENDELL, FUENTES and ALDISERT, Circuit Judges

(Opinion filed: May 22, 2009)

_____

OPINION
_____

PER CURIAM

    Mike Perez brought suit under the Federal Tort Claims Act ("FTCA"), claiming

that prison officials at FCI-Schuylkill were negligent when he had an asthma attack while

he was housed in the Segregated Housing Unit of the prison.  The District Court granted

summary judgment in favor of the defendants on the basis that the nightmares cited by Perez at his deposition did not constitute a "prior showing of physical injury" as required under 28 U.S.C. § 1346(b)(2) and 42 U.S.C. § 1997e(e) to claim mental or emotional damages. Perez appealed, and we vacated the District Court's judgment.

We noted that the District Court did not consider all of the physical injuries Perez claimed:

> [I]t is unclear why the District Court did not consider whether the immediate physical effects from the asthma attack itself would have constituted a "prior showing of physical injury" under the statute, but it did not. See Munn v. Toney, 433 F.3d 1087 (8th Cir. 2006) (prisoner's allegations and testimony of headaches, cramps, nosebleeds, and dizziness while prison missed prescribed blood pressure screenings sufficient to overcome § 1997e bar); cf. Davis v. District of Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (physical manifestations of emotional injury do not qualify as "prior" physical injuries). In its brief, the United States asserts that Perez only identified bad dreams as his injuries. While the United States is correct that Perez claims only damages for mental or emotional distress, it is wrong that Perez never identified other physical injuries that occurred as a result of the alleged asthma attack. At the deposition, Perez stated that he was dizzy, weak, nauseous, and had a headache immediately after the attack, and that he had back pain from coughing for a couple of days. (See Plaintiff's Opposition to Motion for Summary Judgment, attached as Exhibit 1, at p. 53-54.) Just because Perez is not claiming damages specifically from those physical injuries does not mean that his allegations of them cannot be considered as a showing of a physical injury for the purposes of the statute. See 28 U.S.C. § 1346(b)(2).

Perez v. United States, 271 F. App'x 240, 242 (3d Cir. 2008). We directed the District Court to consider on remand whether the other physical injuries Perez claimed met the criteria of 28 U.S.C. § 1346(b)(2) and 28 U.S.C. § 1997e(e).

On remand, the District Court again found Perez unable to overcome the physical

2

injury requirement of the statutes "because his dizziness, headaches, weakness, back pain, and nausea, all of which were temporary in nature and did not require medical attention, are considered *de minimis* for the purposes of the FTCA's physical injury requirement." District Court Memorandum 5.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's order granting summary judgment is plenary. See Abramson v. William Paterson College, 260 F.3d 265, 276 (3d Cir. 2001). We apply the same standard that a district court must apply in deciding whether summary judgment is merited. See id. We view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor to determine whether there is a genuine issue of any material fact and whether the moving party is entitled to judgment as a matter of law. See id.

Applying this standard, we cannot conclude, as the District Court did, that the United States was entitled to judgment as a matter of law because Perez suffered only *de minimis* physical injuries. Ultimately, it may be true that Perez's injuries were like the "sore, bruised ear lasting for three days" which the court in Siglar v. Hightower classed as *de minimis*. See 112 F.3d 191, 193 (5th Cir. 1997). Or they could be *de minimis* injuries like "swelling, pain, and cramps," Jarriett v. Wilson, 414 F.3d 634, 641 (6th Cir. 2005), or "nose sores [that] were relieved with water and baby oil," Canell v. Multnomah County, 141 F. Supp. 2d 1046, 1053 (D. Or. 2001). The injuries Perez reported might be like a "sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., . . . [like those that]

3

people in the regular and ordinary events and activities in their daily lives do not seek medical care for." Luong v. Hatt, 979 F. Supp. 481, 486 (N.D. Tex. 1997).

However, Perez reported that his symptoms, associated with his asthma attack, were of such a severity that he needed steroids, prescription medicine, and other medical treatment to recover. Plaintiff's Exhibits in Support of his Response to the Motion for Summary Judgment, Ex. 1, Perez Dep. 43, 48, 53-55, 58. Although the District Court found that Perez did not require medical treatment to resolve his symptoms, the issue is a matter of contention between the parties. Furthermore, in Luong, the court distinguished those injuries that resolve with home treatment from those injuries that require a visit to an emergency room or a doctor, assessing the former as *de minimis*. See 979 F. Supp. at 486; see also Munn v. Toney, 433 F.3d 1087, 1089 (8th Cir. 2006) (holding that allegations and testimony about headaches, cramps, nosebleeds, and dizziness related to missing prescribed blood pressure screenings were sufficient to overcome § 1997e bar). We note that a severe asthma attack can be life-threatening like a heart attack, which courts have held to be more than a *de minimis* physical injury. See Mata v. Saiz, 427 F.3d 745, 755 n.4 (10th Cir. 2005) (discussing the Mayo Clinic's assessment of severe chest pain and heart attack as life-threatening); Sealock v. Colorado, 218 F.3d 1205, 1210 n.6 (10th Cir. 2000). The severity of the attack and the need for medical treatment are genuine issues of material fact in this case. It remains in question whether Perez met the physical injury requirement to support his negligence claim for emotional injuries.

In addition to arguing that Perez's injuries were *de minimis*, the United States presses us to affirm the District Court's judgment because Perez did not present expert testimony to support his claim that the failure to treat his asthma attack caused his injuries. However, we will not take up this issue. Not only did the United States not raise the issue in the District Court, <u>see</u> <u>Bell Atlantic-Pennsylvania, Inc. v. Pa. Pub. Util. Comm'n</u>, 273 F.3d 337, 344 n.3 (3d Cir. 2001), but also, in its brief in support of its motion for summary judgment, it seemed to argue that expert testimony is not necessary to resolve this case. (Specifically, in the District Court, the United States contended that the law "does not require expert medical testimony - in [sic] case such a [sic] this - if a matter is so simple or obvious to be within a lay person's range of experience and comprehension." Brief in Support of Defendant's Motion for Summary Judgment 11 (citation omitted).)

In short, because the nature of Perez's injuries remains unclear in light of the conflicting submissions of the parties, we conclude that the District Court's decision to grant summary judgment in favor of the United States on the basis that Perez's injuries were *de minimis* was in error. We will vacate the District Court's judgment. We remand this matter to the District Court for further proceedings consistent with this opinion.