[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  19-14436

_____

D.C. Docket No. 1:16-cv-03396-ELR

ANDY R. JOHNSON,

Plaintiff - Appellant,

versus

DEXTER WHITE,
UNITED STATES OF AMERICA,
BRUCE BRYANT,
DARLENE DREW,
UNKNOWN CORRECTIONS OFFICER,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 26, 2021)

Before MARTIN, NEWSOM, and BRANCH, Circuit Judges.

NEWSOM, Circuit Judge:

This case—which involves some very disturbing allegations concerning a federal prisoner's sexual assault and battery at the hands of his captors—requires us to interpret a provision of the Federal Tort Claims Act that authorizes incarcerated felons to sue the United States under certain circumstances. *See* 28 U.S.C. § 1346(b)(2). Andy Johnson, an inmate in a federal prison, sued several corrections officers, the prison's warden, and the United States, claiming that the officers restrained him, removed his clothes, and fondled his genitals and buttocks in violation of, among other things, the FTCA. On summary judgment, the district court held that Johnson had failed to demonstrate that he suffered a "physical injury," as required by § 1346(b)(2). Johnson now appeals, arguing that allegations like his—which he describes as constituting "sexual assault and battery"—satisfy § 1346(b)(2)'s physical-injury requirement.

We affirm the district court's decision for two reasons: First, Johnson's reading of § 1346(b)(2) defies the provision's language and structure, rendering parts of it either superfluous, incoherent, or both. Second, and separately, a 2013 amendment to § 1346(b)(2) strongly indicates Congress's intent to *exclude* allegations like Johnson's from § 1346(b)(2)'s ambit. Needless to say, we don't for a moment condone the corrections officers' alleged misconduct. To the contrary, we condemn it in the strongest possible terms. The question here,

2

though, is simply whether Johnson's allegations satisfy the conditions imposed by § 1346(b)(2). We find ourselves constrained to hold that they do not.

## I

We begin with the pertinent statutory background. "It is well settled that the United States, as a sovereign entity, is immune from suit unless it consents to be sued," and that absent a "specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit." *Zelaya v. United States*, 781 F.3d 1315, 1321, 1322 (11th Cir. 2015). The FTCA provides one such waiver and thus permits the government to "be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government." *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (quotation marks omitted).

The FTCA's waiver of sovereign immunity is limited in several respects. One of those limits is embodied in 28 U.S.C. § 1346(b)(2), which prescribes the circumstances in which incarcerated felons can sue for "mental or emotional injury." As originally enacted, § 1346(b)(2) stated that—

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

28 U.S.C. § 1346(b)(2) (effective April 26, 1997).

3

In 2013, Congress broadened § 1346(b)(2)'s scope to permit suits upon a showing of *either* a "physical injury" *or* a "sexual act," as defined in 18 U.S.C. § 2246(2). The amended provision reads as follows:

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury *or the commission of a sexual act (as defined in section 2246 of title 18).*

28 U.S.C. § 1346(b)(2) (effective March 7, 2013) (emphasis added).

Section 2246 of Title 18, which the amended § 1346(b)(2) cross-references, defines "sexual act" as

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
>
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
>
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
>
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person[.]

18 U.S.C. § 2246(2).

There is one final piece of the statutory puzzle.  Section 2246 defines another term, "sexual contact"—which § 1346(b)(2) does *not* cross-reference but which describes (comparatively) less egregious sexual misconduct and thus provides important context here.  "Sexual contact" entails "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."  18 U.S.C. § 2246(3).[1]

## II

Now to the facts and procedural history of this case.  Andy Johnson was a prisoner at the United States Penitentiary in Atlanta, Georgia.  According to Johnson's summary-judgment evidence, while at USP Atlanta, a corrections officer, Bruce Bryant, threw him against a filing cabinet and held him there while another officer, Dexter White, removed his clothing and fondled his genitals and buttocks without his consent.  Johnson's evidence further revealed that during the episode, Officer Bryant told him that his "ass [wa]s soft[.]"  Johnson reported the incident to prison authorities.

---

[1] To be clear, in referring to "sexual contact" as "less egregious" than "sexual act[s]," we do not mean in any way to diminish the significance of the misconduct that constitutes "sexual contact" within the meaning of § 2246(3).  Needless to say, all sexual misconduct is egregious.

Johnson initially sued Officers Bryant and White, an unidentified third officer, and USP Atlanta's warden under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the United States under the FTCA, 28 U.S.C. § 1346(b)(1). In an order that is not before us, the district court dismissed Johnson's *Bivens* claims on the grounds that he had failed to exhaust administrative remedies and to state a claim.

The government subsequently moved for summary judgment on Johnson's FTCA claim, arguing that he hadn't demonstrated a "physical injury" within the meaning of § 1346(b)(2) and, accordingly, that the United States hadn't waived its sovereign immunity. The magistrate judge recommended that the government's motion be granted, concluding, in particular, that Johnson's evidence didn't show a § 1346(b)(2)-qualifying "physical injury." The district court agreed and granted summary judgment for the government. Notably here, the district court rejected Johnson's argument that the officers' alleged misconduct necessarily constituted "physical injury" within the meaning of § 1346(b)(2) despite the fact that he hadn't complained of any observable bodily harm.

This is Johnson's appeal.[2]

---

[2] "We review *de novo* questions of statutory interpretation." *United States v. Maupin*, 520 F.3d 1304, 1306 (11th Cir. 2008).

6

## III

Before addressing the merits, we pause briefly to explain the nature of Johnson's allegations. Before us, Johnson does not contend—nor did he ever complain to prison authorities—that he suffered any observable physical injury of the sort that might be characterized, for instance, by scratches, scrapes, or bruises. Instead, Johnson's sole argument is that what he calls "sexual assault and battery" *necessarily* constitutes "physical injury" within the meaning of § 1346(b)(2). In other words, he says, sexual assault and battery (no matter its observable physical effect) ipso facto qualifies as "physical injury."

Also, a preliminary word about terminology: Although Johnson frames this as a case about "sexual assault and battery," that locution isn't particularly useful here, in that neither it nor either of its constituents appears, or is defined, in any pertinent statute.[3] Helpfully, though, the terms "sexual act" and "sexual contact"—both of which, as already explained, *are* defined in 18 U.S.C. § 2246, which § 1346(b)(2) cross-references—provide some guidance. All here agree (1) that Johnson's allegations *do* constitute "sexual contact" within the meaning of 18 U.S.C. § 2246(3), but (2) that they *do not* constitute "sexual act[s]" within the

---

[3] Johnson urges us to look to Georgia law for the definitions of "sexual assault" and "sexual battery," but "Georgia does not recognize 'sexual assault' and 'sexual battery' as separate civil torts." *Jackson v. Conway*, No. 15-cv-02383, 2015 WL 13841138, at *5 n.3 (N.D. Ga. Sept. 3, 2015).

meaning of § 2246(2).  Accordingly, we will hereafter refer to Johnson's allegations as constituting "sexual contact," rather than "sexual assault and battery."

With those clarifications, we turn to the discrete legal issue that this case presents:  Do Johnson's allegations satisfy § 1346(b)(2)'s conditions?  We hold they do not, for two reasons—both grounded in the text of § 1346(b)(2).

## A

As an initial matter, Johnson's argument—again, that allegations constituting "sexual contact" within the meaning of 18 U.S.C. § 2246(3) necessarily entail "physical injury" within the meaning of 28 U.S.C. § 1346(b)(2)—requires reading § 1346(b)(2) either in a way that renders part of the provision superfluous or in a way that renders the entire provision nonsensical.  Recall that the key language obligates the inmate plaintiff to show a "physical injury or the commission of a sexual act (as defined in section 2246 of title 18)."  Because the terms "physical injury" and "sexual act" are separated by the disjunctive "or," we know, at a minimum, that Congress viewed those two terms (and the concepts they represent) as distinct from one another.  *See, e.g.*, *Brown v. Budget Rent-A-Car Sys., Inc.*, 119 F.3d 922, 924 (11th Cir. 1997) ("As a general rule, the use of a disjunctive in a statute indicates alternatives and requires that those alternatives be treated separately.") (quotation marks omitted); *United States*

8

*v. Cruz*, 805 F.2d 1464, 1472 (11th Cir. 1986) (separating terms "by the disjunctive word 'or,' strongly indicat[es] that Congress construed the two to be separate and distinct").

With that background, let's consider the first possibility. Johnson might contend that both "sexual contact" (into which his case fits) and "sexual act[s]" necessarily constitute "physical injury" within the meaning of § 1346(b)(2). That makes sense as a logical matter—it stands to reason that if, as Johnson insists, the comparatively less egregious sexual misconduct that characterizes "sexual contact" necessarily constitutes "physical injury," then so must the comparatively more egregious "sexual act[s]." But that theory leads to trouble: If all "sexual act[s]" necessarily qualify as "physical injur[ies]," then as used in § 1346(b)(2)'s "physical injury or . . . a sexual act" disjunction, the term "sexual act" has no independent meaning—it is utterly superfluous. And it is a "cardinal principle of statutory construction" that "a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (quotation marks omitted); *accord, e.g.*, Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 174 (2012) ("If possible, every word and every provision is to be give effect . . . . None should be ignored. None should

9

needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence.").

What of the second possibility?  Perhaps, Johnson might say, "sexual contact" (again, into which his case fits) necessarily constitutes "physical injury," but "sexual act" does not.  Johnson hints at this theory in his brief to us, arguing that while Congress's amendment of § 1346(b)(2) in 2013 extended the statute to include "sexual acts" by name, it "did not curtail remedies for physical injuries via sexual assault."  Br. of Appellant at 10.  This reading avoids superfluity, to be sure, but only at the cost of common sense.  It is inconceivable that "sexual contact" of the sort Johnson has alleged necessarily constitutes "physical injury" but that the misconduct that characterizes "sexual act[s]"—penile or digital penetration, vaginal, anal, or oral intercourse, and unconsented, under-the-clothes touching of minors—does not.  18 U.S.C. § 2246(2).  Whatever else Congress intended when it enacted and then later amended § 1346(b)(2), it couldn't possibly have intended that.

Because Johnson's argument defies § 1346(b)(2)'s language and structure, we must reject it.

**B**

Separately, Congress's decision in 2013 to incorporate the term "sexual act," as defined in 18 U.S.C. § 2246(2), but *not* its statutory next-door neighbor, "sexual

10

contact," as defined in 18 U.S.C. § 2246(3), strongly suggests an intentional choice to exclude conduct of the kind Johnson has alleged—"sexual contact"—from § 1346(b)(2)'s scope.

Recall that when Congress amended § 1346(b)(2) in 2013 to permit an incarcerated felon to sue for mental or emotional injury if he could show *either* a "physical injury" *or* "the commission of a sexual act," it specifically cross-referenced 18 U.S.C. § 2246(2)'s definition of "sexual act." Recall, as well, that immediately adjacent to the definition of "sexual act" in § 2246 is the definition of "sexual contact," which describes the less serious category of sexual misconduct that this case involves.

Here, a version of the *expressio unius* canon weighs heavily against Johnson's position. Pursuant to that interpretive principle, the inclusion of "one item of [an] associated group or series excludes another left unmentioned." *N.L.R.B. v. SW Gen., Inc.*, 137 S. Ct. 929, 940 (2017) (quotation marks omitted); *accord, e.g.*, *United States v. Castro*, 837 F.2d 441, 442 (11th Cir. 1988). To be sure, the Supreme Court has cautioned that "[t]he force of any negative implication . . . depends on context," *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 381 (2013), and that the *expressio unius* "canon applies . . . only when circumstances support [ ] a sensible inference that the term left out must have been meant to be excluded," *SW Gen.*, 137 S. Ct. at 940 (quotation marks omitted).

11

Here, though, the inference is not just sensible but overwhelming. Congress expressly incorporated § 2246(2)'s definition of "sexual act" into the FTCA, but didn't incorporate the immediately adjacent subsection, § 2246(3), which defines "sexual contact." Under those circumstances, we think it inescapable that Congress's decision to exclude "sexual contact" from § 1346(b)(2)'s ambit was intentional. *See United States v. Hurtado*, 779 F.2d 1467, 1475 (11th Cir. 1985) ("[W]e may not import into the statute a provision Congress elected not to include.").[4]

## IV

In summary, we conclude (1) that Johnson's argument—that allegations amounting to "sexual contact," but not a "sexual act," necessarily constitute "physical injury" withing the meaning of 28 U.S.C. § 1346(b)(2)—defies the FTCA's language and structure and (2) separately, that Congress's inclusion of the term "sexual act" in the 2013 amendment to § 1346(b)(2) implies an intention to

---

[4] The out-of-circuit cases on which Johnson relies—*Liner v. Goord*, 196 F.3d 132 (2d Cir. 1999), and *Kahle v. Leonard*, 563 F.3d 736 (8th Cir. 2009)—are unavailing. Neither decision explains in any detail why sexual assault or battery necessarily constitutes "physical injury." *Liner*, 196 F.3d at 135 (stating only that "the alleged sexual assaults qualify as physical injuries as a matter of common sense"); *Kahle*, 563 F.3d at 741 (same). More importantly, both decisions involve the original, unamended version of 42 U.S.C. § 1997e(e), which, like the original, unamended version of § 1346(b)(2), made no reference to "sexual act[s]," and thus raised none of the interpretive issues presented here. Whether the conduct in *Kahle*, for instance—in which a corrections officer entered a female prisoner's cell three times and forced sexual contact with her in acts that she described as "rape[]," 563 F.3d at 739–40—would entail "physical injury" under the pre-2013 version of § 1997e(e) (or its counterpart, § 1346(b)(2)) could well present a closer question, one that we needn't decide here.

12

exclude the conduct of the sort that Johnson has alleged—"sexual contact."

Accordingly, we hold that Johnson has failed to satisfy § 1346(b)(2) and, therefore, that his claim does not fall into the category of cases with respect to which the government has waived its sovereign immunity under the FTCA.

    **AFFIRMED.**