# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1104

_____

Wilbert Glover

*Plaintiff - Appellant*

v.

Matt Bostrom; Dave Metusalem; Joe Paget, #9; Sargeant Richard Rodriguez;
Ramsey County Sheriff; Greg Croucher, Inspection Enforcement for Ramsey
County Adult Detention Center Jail

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: September 25, 2023
Filed: October 4, 2023
[Unpublished]

_____

Before SMITH, Chief Judge, GRUENDER and KOBES, Circuit Judges.

_____

PER CURIAM.

Wilbert Glover appeals following the district court's[1] dismissal of his retaliation claim against several detention center officials following this court's remand for consideration of that claim.  We affirm.

Upon careful review, we conclude that the district court did not err in dismissing the retaliation claim because Glover did not allege that he suffered physical injury, as required by the Prison Litigation Reform Act (PLRA).  See Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 850 (8th Cir. 2012) (per curiam) (standard of review); see also 42 U.S.C. § 1997e(e) (prisoner may not bring civil action for mental or emotional injury suffered while in custody without prior showing of physical injury or commission of sexual act); Kahle v. Leonard, 563 F.3d 736, 741 (8th Cir. 2009) (court may dismiss prisoner's lawsuit for failure to comply with § 1997e(e)); Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004) (§ 1997e(e)'s limitation on damages applies to all federal prisoner lawsuits, including claims under the First and Fourteenth Amendments).  He also did not argue below, and does not argue on appeal, that he was entitled to nominal or punitive damages.  See N. Bottling Co. v. PepsiCo, Inc., 5 F.4th 917, 922 (8th Cir. 2021) (party's failure to raise argument before trial court typically waives argument on appeal).

While Glover argues that the PLRA does not apply because he was not in custody when the district court ruled on defendants' motion to dismiss, the record reflects that he was in custody when he filed the complaint, and thus the PLRA applies.  See Doe by & Through Doe v. Washington County, 150 F.3d 920, 924 (8th Cir. 1998) (finding that PLRA was inapplicable because plaintiff was not prisoner when he filed case; Congress intended to distinguish between those who are prisoners when they decide to file complaint and those who were not); Harris v. Garner, 216

[1]The Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Becky R. Thorson, United States Magistrate Judge for the District of Minnesota, now retired.

F.3d 970, 985 (11th Cir. 2000) (en banc) (PLRA applied to plaintiffs who brought civil action while they were confined notwithstanding fact that they were released from confinement before court entered judgment against them).

We further conclude that the district court did not err in declining to exercise supplemental jurisdiction over the state law claim. See Johnson v. City of Shorewood, 360 F.3d 810, 819 (8th Cir. 2004) (reviewing for abuse of discretion district court's decision to dismiss supplemental state law claims; when court dismisses federal claims before trial, balance of factors to be considered point toward declining to exercise jurisdiction over remaining state law claims).

Accordingly, we affirm.

_____