# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-2822

———————

Rick Freeman,
          Appellee,

v.

Leonard Graves,

          Appellant.

\*
\*
\*   Appeal from the United States
\*   District Court for the Southern
\*   District of Iowa.
\*
\*
\*
\*

———————

Submitted:  January 15, 2003

Filed:  January 29, 2003

———————

Before LOKEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

FAGG, Circuit Judge.

On Monday, November 29, 1992, the day before his trial on state charges of burglary and robbery, Rick Freeman sought a continuance because an alibi witness, his former girlfriend, was out of state. Freeman did not seek a continuance on the preceding Thursday (Thanksgiving) or Friday since the judge was unavailable. Because Freeman's attorney had not given notice of an alibi defense before that day, the court denied the motion. The trial started. During a break in the proceedings, Freeman and his attorney went to look for other alibi witnesses, his brothers and friends, but could not find them. Freeman had arranged for the presence of the witnesses on earlier trial dates, but not for the actual trial, because Freeman's attorney

assumed they would obtain a continuance given his knowledge of local practice. Freeman testified in his own defense that he was at a party with his girlfriend, brothers, and friends at the time of the crimes. The jury convicted Freeman on both charges.

After his attorney failed to file a direct appeal, Freeman sought state postconviction relief (PCR) arguing he received ineffective assistance of counsel when his trial attorney failed to investigate alibi witnesses and subpoena them for trial. Freeman did not present the testimony of the alibi witnesses, however. The PCR court applied Strickland v. Washington, 466 U.S. 668 (1984) (both deficient performance and actual prejudice necessary to state Sixth Amendment violation), and held Freeman had failed to show how contacting the alibi witnesses would have changed the outcome of his case. The Iowa Court of Appeals held Freeman had failed to show any actual prejudice because he did not present the testimony of the alibi witnesses in the PCR proceedings. Thus, the court could not determine whether the witnesses would have supported Freeman's alibi or withstood cross-examination. The Iowa Supreme Court denied further review.

Freeman then filed this federal habeas action. The district court ruled the Iowa courts misapplied Supreme Court precedent in requiring Freeman to show actual prejudice under Strickland, rather than presuming prejudice under United States v. Cronic, 466 U.S. 648, 659 (1984) (specifying limited circumstances in which court presumes prejudice from deficient performance). The district court declined to decide whether the attorney's failure prejudiced Freeman under Strickland. The State appeals arguing the State courts properly applied Strickland rather than Cronic in resolving Freeman's ineffective assistance claim. We agree and thus reverse.

The State contends federal habeas relief must be denied because Strickland, not Cronic, governs Freeman's ineffective assistance claim. We agree. A federal court may grant habeas relief to a state inmate only if the State court's decision was

contrary to or involved an objectively unreasonable application of clearly established federal law as decided by the United States Supreme Court. 28 U.S.C. § 2254(d)(1); see Williams v. Taylor, 529 U.S. 362, 409, 412-13 (2000) (explaining standard). To prevail on an ineffective assistance of counsel claim, a defendant must normally show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687; White v. Luebbers, 307 F.3d 722, 727-28 (8th Cir. 2002). To establish prejudice, a defendant must show there is a reasonable probability that the trial's outcome would have been different absent the deficiency. Strickland, 466 U.S. at 694; White, 307 F.3d at 728. The Supreme Court has recognized a limited exception to the prejudice requirement when (1) assistance of counsel has been denied completely, (2) "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," or (3) counsel is denied during a critical stage of the proceedings. Cronic, 466 U.S. at 658-59; see Mickens v. Taylor, 122 S. Ct. 1237, 1240-41 (2002).

The district court concluded Freeman's claim fell under the second exception identified in Cronic because the attorney's failure to interview any of the alibi witnesses named by Freeman caused the adversarial process to lose its character as a confrontation between opponents. The Supreme Court has recently clarified, however, that when it "spoke in Cronic of the possibility of presuming prejudice based on an attorney's failure to test the prosecutor's case, [it] indicated that the attorney's failure must be complete." Bell v. Cone, 122 S. Ct. 1843, 1851 (2002). The defendant must assert counsel failed to oppose the prosecution throughout the proceeding as a whole, rather than at specific points. Id. "For purposes of distinguishing between the rule of Strickland and that of Cronic, this difference is not of degree but of kind." Id.

"The Supreme Court has applied the presumption-of-prejudice exception to Strickland in very few cases, most of them apparently involving active representation of conflicting interests." White, 307 F.3d at 729. Likewise, we have interpreted the

-3-

Cronic exception "very narrowly and rarely have found a situation that justifies application of the presumption of prejudice." Fink v. Lockhart, 823 F.2d 204, 206 (8th Cir. 1987). In light of the record it is clear that the attorney's deficiencies asserted by Freeman "are plainly of the same ilk as other specific attorney errors [the Supreme Court] has held subject to Strickland's performance and prejudice components." Bell, 122 S. Ct. at 1852. Indeed, in cases involving alleged ineffective assistance of counsel for failure to investigate an alibi defense, we have consistently required a defendant to prove actual prejudice under Strickland. E.g., Hadley v. Groose, 97 F.3d 1131, 1134-35 (8th Cir. 1996); Lawrence v. Armontrout, 31 F.3d 662, 666 (8th Cir. 1994); Tosh v. Lockhart, 879 F.2d 412, 413 (8th Cir. 1989).

In our view, the district court was mistaken when it ruled the State courts' decision applying Strickland was an unreasonable application of Supreme Court law. We believe the State courts applied the correct legal rule when they analyzed Freeman's ineffective assistance claim under Strickland. See Bell, 122 S. Ct. at 1850. As we have already made clear, Cronic does not control because counsel's deficiency in this case was not a complete failure to test the prosecutor's case. See id. at 1851. Freeman's attorney did not contact or interview the alibi witnesses, friends and family whose testimony was straightforward, because Freeman took on the responsibility to line up them up, told his attorney what they would say, and said they were willing and available to testify. Freeman's attorney otherwise gave Freeman a vigorous defense. Counsel obtained Freeman's release on bail and engaged in strategy discussions, pretrial motions, plea negations, depositions, jury selection, cross-examination, and presentation of Freeman's testimony in his defense. See Fink, 823 F.2d at 206 (no entire failure of adversarial testing where attorney used peremptory challenges, cross-examined state's witnesses, and made a closing argument). Having witnesses to support Freeman's alibi may have helped his case, but even so, the lack of alibi witnesses was not so critical that it negated everything else counsel did. After all, the testimony of alibi witnesses, especially friends and relatives of the defendant, does not assure an acquittal and is sometimes counterproductive. Johnson v. Lockhart, 921

F.2d 796, 798 (8th Cir. 1990).  In sum, we conclude the State courts properly required Freeman to show prejudice under <u>Strickland</u>.

Having concluded the State courts' analysis of Freeman's claim under <u>Strickland</u> is not contrary to Supreme Court precedent, we reverse the district court's grant of habeas relief to Freeman.  Because Freeman did not present the testimony of the alibi witnesses in the state postconviction proceeding, he cannot show actual prejudice under <u>Strickland</u>. We thus remand to the district court with instructions to dismiss Freeman's federal habeas petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.