# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1774

_____

Roger Allen Raymond,　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Petitioner-Appellant,　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　District of South Dakota.
Douglas Weber, Warden, South Dakota　*
State Penitentiary,　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Respondent-Appellee.　　*

_____

Submitted: November 13, 2008
Filed: January 12, 2009

_____

Before MURPHY, HANSEN, and RILEY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Roger Allen Raymond was convicted in South Dakota of sexual contact with a minor and of being an habitual offender; he was sentenced to life in prison without possibility of parole. On direct appeal, the South Dakota Supreme Court affirmed Raymond's conviction and sentence. After several unsuccessful attempts at state habeas relief, Raymond petitioned the federal district court[1] for a writ of habeas corpus. The petition was denied, and Raymond was granted a certificate of

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

appealability on three issues, all of which have been briefed and argued.  We now affirm.

I.

In 1994 Raymond was convicted in Brown County, South Dakota, of sexual contact with a minor and of being an habitual offender.  The South Dakota Supreme Court reversed the conviction and remanded for a new trial.  At the time of his trial and successful appeal, Raymond was represented by court appointed counsel.

At a pretrial motion hearing, Raymond informed the trial court that he wished to represent himself at the retrial and that he understood the consequences of his decision.  At the state's request, the trial court authorized a 24 hour recess in order for Raymond to reconsider his decision to waive counsel and for the state to research legal issues concerning self representation.

The next day the parties met on the self representation issue.  The trial court fully informed Raymond of the various rights he was waiving and the disadvantages of waiving those rights.  After Raymond repeated his desire to represent himself, the court ruled that Raymond had knowingly and intelligently waived his right to counsel and that he would be permitted "to proceed pro se and to represent [himself] during the trial."

A couple of weeks later the state trial court decided sua sponte to order a psychological evaluation of Raymond, to hold a competency hearing, and to appoint counsel to assist Raymond at this hearing.  The court stated that pursuant to South Dakota Codified Laws § 23A-46-3, it was obligated to appoint Raymond an attorney for the purpose of the competency hearing.  It also observed that neither Raymond nor the court had discretion to waive the obligation for counsel, and it appointed Tony Portra to represent Raymond on the competency issue.

At the competency hearing, Dr. William Pettit, a psychologist who had performed the psychological evaluation of Raymond, testified that in his opinion Raymond was competent to assist in and conduct his own defense in a rational manner. The defense was given the opportunity to cross examine Dr. Pettit. Attorney Portra informed the court that Raymond had "specifically asked [him] not to ask any questions or present any evidence which would tend to bring [Raymond's] competency into question." Raymond proceeded to represent himself and cross examined Dr. Pettit. The prosecutor objected to Raymond's cross examination of Dr. Pettit, arguing that Portra should represent Raymond at the competency hearing. In response to that question the court stated that "Raymond in conference with Mr. Portra ha[d] informed the Court that Mr. Portra does not desire to contest the competency opinion of the doctor." When the court asked if this assessment was correct, Portra answered affirmatively. The court then overruled the prosecutor's objection and allowed Raymond to cross examine Dr. Pettit. Raymond presented no evidence regarding his competence. The court asked Portra if he had any witnesses, and Portra stated that he did not. Based on Dr. Pettit's testimony, the court determined that Raymond was competent to represent himself.

Portra submitted a letter to the court, along with his billing statement, stating that he had "put in a substantial amount of time in preparation for [the competency] hearing." Portra's billing statement reflected that he had prepared for the cross examination of Dr. Pettit, performed legal research, and examined Raymond's prior psychological reports, jail incident logs, and various documents drafted by Raymond.

Although Raymond conducted his own defense at the retrial, he was again convicted and sentenced in the same manner as in his initial trial. The South Dakota Supreme Court affirmed Raymond's conviction and sentence. State v. Raymond, 563 N.W.2d 823 (S.D. 1997). The only issues Raymond presented on direct appeal were (1) whether he was competent to waive his right to counsel at trial, and (2) whether his sentence constituted cruel and unusual punishment.

From 1997 to 1999 Raymond filed three separate petitions in the federal court for a writ of habeas corpus, but each petition was dismissed without prejudice for failure to exhaust state court remedies. In 2001 the district court entered an order finding that it would be futile for Raymond to attempt to file a state habeas petition and directing Raymond to file an amended petition for a writ of habeas corpus in federal court. Shortly thereafter, Raymond filed an amended habeas petition. With the assistance of appointed counsel, Raymond filed a second amended habeas petition in 2003, alleging a Sixth Amendment violation of his right to effective assistance of counsel at his competency hearing.

The district court denied the petition. As to the Sixth Amendment claim it concluded that under the deferential standard of 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214,[2] Raymond was not entitled to relief because he had not shown that he had been constructively denied counsel at his competency hearing. The court granted a certificate of appealability on three issues: first, whether a competency hearing is a "critical stage" in the criminal proceedings entitling Raymond to the assistance of counsel under the Sixth Amendment; second, whether Raymond was constructively denied counsel at his competency hearing in violation of the Sixth Amendment as interpreted in United States v. Cronic, 466 U.S. 648 (1984); and third, whether any such violation of Raymond's Sixth Amendment rights was a "structural defect" within the meaning of United States v. Gonzalez-Lopez, 548 U.S. 140, 148-49

---

[2]Under AEDPA habeas relief cannot be granted on any claim "adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

(2006) (denial of counsel at critical stage of criminal proceedings is "structural defect" that defies analysis by harmless error standards).

## II.

We review a district court's denial of habeas relief for clear error in respect to findings of fact, and de novo for questions of law or for mixed questions of law and fact. Hall v. Luebbers, 296 F.3d 685, 692 (8th Cir. 2002).

AEDPA provides a deferential standard for reviewing habeas claims that were "adjudicated on the merits" in state court proceedings. 28 U.S.C. § 2254(d). Raymond argues that the district court erred in reviewing his claim for constructive denial of counsel under the deferential AEDPA standard. He asserts that the South Dakota Supreme Court failed to address this claim directly and thus did not adjudicate it on the merits. Because we conclude that there was no Sixth Amendment violation, as explained below, we need not determine whether the district court applied the correct standard of review for this habeas claim. See Gary v. Dormire, 256 F.3d 753, 756 n.1 (8th Cir. 2001) (refusing to consider whether district court applied appropriate standard of review where petitioner had not demonstrated that he was entitled to habeas relief under either § 2254(d) or under preAEDPA standard of review).

The Sixth and Fourteenth Amendments guarantee an individual the right to counsel's assistance at every critical stage of the state criminal proceedings against him. Hanson v. Passer, 13 F.3d 275, 278 (8th Cir. 1994). Raymond argues that a competency hearing is a critical stage of the criminal proceedings. We have not had an opportunity to address that issue squarely. The state does not contest Raymond's suggestion that we join the other circuits which have held that a competency hearing is a critical stage because at such a hearing the defendant is confronted with adversarial proceedings and legal questions on which the defendant would benefit from counsel's advice. See, e.g., United States v. Collins, 430 F.3d 1260, 1264 (10th

Cir. 2005) (agreeing with other circuits that competency hearing is critical stage of criminal prosecution); Appel v. Horn, 250 F.3d 203, 215 (3rd Cir. 2001); United States v. Klat, 156 F.3d 1258, 1262 (D.C. Cir. 1998); United States v. Barfield, 969 F.2d 1554, 1556 (4th Cir. 1992); Sturgis v. Goldsmith, 796 F.2d 1103, 1108-09 (9th Cir. 1986). We agree with the reasoning of these courts and conclude that a competency hearing is a critical stage of a criminal prosecution and that Raymond was thus constitutionally entitled to representation by counsel at his competency hearing.

Raymond argues that attorney Portra's failure to challenge Raymond's competency amounted to a constructive denial of counsel under United States v. Cronic. Raymond characterizes Portra as simply a warm body at his competency hearing. While the trial court appointed Portra to assist at Raymond's competency hearing, "[t]he Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment." Cronic, 466 U.S. at 654-55 (citation omitted). To be sure, "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." 466 U.S. at 659. Prejudice is not required to be shown if "counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." Id. at 659 n.25.

We have only "rarely . . . found a situation that justifies application of the presumption of prejudice," Freeman v. Graves, 317 F.3d 898, 900-01 (8th Cir. 2003) (internal citations omitted), and it is not justified here. Portra was not absent from this critical stage. In fact he had prepared for the competency hearing, and he conferred with his client. He informed the trial court that he chose not to contest Dr. Pettit's competency opinion or to call any witnesses. His billing statement showed he had prepared to cross examine Dr. Pettit in advance of the hearing, prepared legal research, and studied his client's psychological reports and jail logs. We conclude that the record demonstrates Portra's actions in connection with Raymond's competency hearing were more than a formality and subjected the prosecution's case to at least

some meaningful adversarial testing.  See Freeman, 317 F.3d at 901 (if counsel's deficiency was not complete failure to test prosecutor's case, then Strickland v. Washington, 466 U.S. 668 (1984), not Cronic, controls).

To support his argument Raymond cites two cases from other circuits that found Sixth Amendment violations under Cronic for the constructive denial of counsel at a competency hearing.  See Collins, 430 F.3d at 1264-66; Appel, 250 F.3d at 214-17. We consider these cases distinguishable and inapposite.  In Collins, the defendant's counsel declined to present mitigating evidence he had discovered, which he acknowledged was relevant to his client's competency, and "did not engage his legal skills in advocating" defendant's challenge to his own competency.  430 F.3d at 1265-66.  In Appel, the two appointed attorneys later testified that they had believed that they had not been authorized to represent the petitioner throughout the relevant proceedings and "abandoned their duty to both the court and their client" by failing to conduct any investigation on the petitioner's competency.  250 F.3d at 215-16 (internal quotation omitted).

Here, the trial court ordered the competency hearing sua sponte and appointed Portra to represent Raymond who did not contest his competency nor seek replacement counsel.  The record does not show that Portra ever believed he was unauthorized to represent Raymond or prevented from doing so at the competency hearing.  Portra performed legal research, investigated Raymond's competency, prepared for the competency hearing, did not withhold mitigating evidence, but chose not to contest Dr. Pettit's competency testimony based on Raymond's instructions and Portra's own decision.  We conclude that Raymond was not constructively denied counsel at his competency hearing.[3]

---

[3]In light of our conclusion that Raymond was not constructively denied counsel, we need not decide whether such a Sixth Amendment violation would be a structural defect.

Although the certificate of appealability framed Raymond's Sixth Amendment claim in terms of <u>Cronic</u>, it might also have been raised under <u>Strickland</u>. These are however different types of claims. <u>See</u> <u>Bell v. Cone</u>, 535 U.S. 685, 697 (2002) ("For purposes of distinguishing between the rule of <u>Strickland</u> and that of <u>Cronic</u>, this difference is not of degree but of kind."). To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that petitioner was prejudiced by the deficient performance. <u>Strickland</u>, 466 U.S. at 687. Here, Raymond has not even alleged prejudice from Portra's representation and the record would not support such a finding. <u>See</u> <u>id.</u> at 694 (to establish prejudice, defendant must show there is reasonable probability that absent counsel's unprofessional errors, result of proceeding would have been different). We conclude that Raymond has not made out a <u>Strickland</u> claim.

Accordingly, we affirm the judgment of the district court.

_____