No. 123,647

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY DARRYL ALLEN,
*Appellant*.

SYLLABUS BY THE COURT

1.

The Sixth Amendment guarantees criminal defendants the right to the assistance of legal counsel during all critical stages of a criminal proceeding.

2.

Although neither the United States nor the Kansas Constitutions explicitly provide for a right of self-representation, the right has been implied from the right to counsel granted in the Sixth Amendment.

3.

To exercise the right to self-representation, a defendant must make a knowing and intelligent waiver of the right to counsel.

4.

The determination of whether a waiver of the right to counsel is knowingly and intelligently made depends on the facts and circumstances of each case. On appeal, the State has the burden of showing that an accused was advised of his or her right to counsel and that the waiver of counsel was knowingly and intelligently made.

1

5.

In determining whether a defendant has made a knowing and intelligent waiver of the right to counsel, a district court must inform the defendant of his or her rights as well as of the potential dangers of self-representation.

6.

Although district courts are not required to use any specific checklist, the Kansas Supreme Court articulated a three-step framework in *State v. Burden*, 311 Kan. 859, 863, 467 P.3d 495 (2020), for use in determining whether a defendant made a knowing and intelligent waiver of his right to counsel.

7.

At a minimum, a district court's inquiry should be sufficient to determine whether the defendant comprehends the nature of the charges, the significance of the proceedings, the range of potential punishments, and any additional facts essential to understanding the case.

8.

A competency hearing and a hearing on a motion to dismiss are critical stages of a criminal proceeding because of the substantial prejudice that could result from such hearings without representation by counsel.

9.

A violation of a Sixth Amendment right to counsel at a critical stage of a criminal proceeding is subject to a structural error analysis.

10.

Structural errors are not amenable to a harmless-error analysis.

2

Appeal from Johnson District Court; TIMOTHY P. MCCARTHY, judge. Opinion filed December 30, 2022. Reversed and remanded with directions.

*Adam Sokoloff*, of The Sokoloff Law Firm, of Olathe, for appellant.

*Jacob M. Gontesky*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., MALONE and BRUNS, JJ.

PER CURIAM: A jury convicted Anthony Darryl Allen of two counts of rape and aggravated kidnapping. More than two years before the commencement of his jury trial, the district court granted Allen's request to represent himself. The district court also appointed standby counsel to assist in his defense. Allen continued to represent himself until the second day of trial. At that point, he invoked his right to counsel and standby counsel represented him throughout the remainder of the trial.

On appeal, Allen contends that he did not knowingly and intelligently waive his right to counsel. Although the district court ultimately advised Allen of his rights— including the dangers of self-representation—prior to trial, we find that Allen represented himself during critical stages of this criminal case prior to making a knowing and intelligent waiver of his right to counsel. Thus, we reverse Allen's convictions and we remand this case to the district court for further proceedings.

FACTS

A detailed recitation of the underlying facts is unnecessary based on the limited issue presented on appeal. As such, we will briefly summarize those facts that are material to this appeal. We will then address additional facts as necessary in the Analysis section of our opinion.

On August 2, 2015, Allen was arrested—after a four-hour standoff with the police—at an apartment he shared with T.W. Fortunately, T.W. was able to leave the apartment prior to the standoff and was taken to the hospital to be treated for injuries she had suffered. Two days later, the State charged Allen with one count of the aggravated kidnapping and two counts of rape. Subsequently, the district court appointed legal counsel to represent Allen. Over the course of his criminal case, Allen has been represented by multiple attorneys and has also represented himself at various times.

At a scheduling conference on March 23, 2017, Allen appeared in court with his third appointed counsel. The attorney informed the district court that Allen was refusing to meet with him. Moreover, Allen indicated that he wanted to represent himself because he did not "trust nobody but himself." In response, the prosecutor argued against allowing Allen to represent himself due to the complicated nature of the criminal proceedings as well as the potential sentence. The district court decided to defer ruling on Allen's request for self-representation and ordered that he undergo a competency evaluation. We note that Allen had previously been evaluated and found to be competent to stand trial.

On May 11, 2017, the district court held a hearing addressing several matters. At the outset, the district court indicated that it had reviewed a report from Johnson County Mental Health regarding Allen's competency. After sharing the report with the parties and seeking their input, the district court again found Allen to be competent to stand trial. After it had ruled on the competency issue, the district court turned to other matters.

Unfortunately, the transcript of the May 11th hearing is incomplete because of a malfunction of the recording equipment and only contains the statements made by the district court judge. Nevertheless, it can be gleaned from the portion of the transcript in the record that the district court asked: "All right. Mr. Allen, is that correct—that you would like to represent yourself in this matter?" Even though Allen's response is absent from the transcript, it is reasonable to assume that he answered in the affirmative because

4

the district court then asked: "And you understand the seriousness of the charges against you?" Again, the transcript does not include Allen's response. Regardless, it is clear that the district court granted Allen's request to represent himself, permitted his third appointed counsel to withdraw, and appointed a fourth attorney to serve as his standby counsel.

A few weeks later, the district court permitted Allen's standby counsel to withdraw due to a conflict and appointed a fifth attorney to serve in that capacity. From May 11, 2017, to September 16, 2019, Allen represented himself at various hearings with the assistance of standby counsel. Even though several of these hearings only involved scheduling issues, Allen also represented himself at a competency hearing held on March 23, 2018, and a hearing on a motion to dismiss held on May 22, 2018.

On July 11, 2018, the district court held a hearing at which it asked Allen if he still intended to represent himself at trial. In response, Allen reiterated his intent to proceed pro se. The district court then asked Allen if he had a chance to talk to his standby counsel about the upcoming trial or regarding criminal procedure. Allen stated that he and standby counsel had "talked about it." Standby counsel also informed the district court that he had been visiting with Allen about the case but was allowing him to take the lead. The district court then conducted a comprehensive colloquy with Allen about his decision to represent himself.

Specifically, the district court "highly advise[d]" Allen to permit his standby counsel to serve as his attorney. The district court warned Allen there were "a lot of things about the trial process, about the rules of evidence that may be difficult for [a self-represented defendant] to maneuver." Even so, Allen reiterated that he wished to proceed pro se. Following his affirmation, the district court advised Allen that he could exercise his right to counsel at any point and warned him that his self-representation would be

5

terminated "if you're disrespectful to somebody in court . . . or obstruct the trial process." In response, Allen confirmed that he understood.

The district court further advised Allen that he would be bound by the applicable rules of criminal procedure. It also pointed out the "numerous dangers and disadvantage[s]" of self-representation. The district court pointed out that an attorney would be better equipped to handle the various matters that were required to prepare for trial as well as matters that would arise during the jury trial. The district court warned Allen that by representing himself he may inadvertently waive his legal rights and that his ability to prepare for trial could be limited due to his incarceration. In addition, the district court reminded Allen of the potential sentences for each of the charges. Again, Allen stated he understood and confirmed his desire to represent himself.

At a hearing held on August 10, 2018, standby counsel informed the district court that Allen had refused his assistance. Yet again, Allen confirmed that he wanted to continue representing himself. Moreover, standby counsel represented to the district court that he would be prepared for trial. On October 18, 2018, the district court inquired once again about Allen's desire to represent himself at trial. The district court reminded Allen "I have been through the entire list for you as to the reasons why I would suggest that you let [standby counsel] proceed for you. But at any time . . . you can request that [he] take over for you."

On December 7, 2018, standby counsel advised the district court that Allen continued to refuse his offers of assistance. Almost six months later, on May 29, 2019, Allen again confirmed his intent to represent himself. Finally, at a pretrial conference held only a few days before trial, the district court attempted once more to convince Allen not to represent himself at trial. The district court reminded Allen that it did not believe that self-representation was in his best interest. The district court also reminded Allen "that at any time you can change your mind" and have standby counsel to "proceed on

your behalf." Further, the district court reminded Allen that it "considers it detrimental for you to not to accept or employ counsel to represent yourself; you understand that?" Allen responded, "Yes, your Honor."

A three-day jury trial began on September 16, 2019. Allen initially represented himself with the assistance of standby counsel. However, at the start of the second day of trial, Allen invoked his right to be represented by counsel. As a result, standby counsel represented Allen throughout the remainder of the trial. Ultimately, the jury convicted Allen on each of the charges and the district court sentenced him to a controlling term of 331 months in prison.

ANALYSIS

On appeal, Allen contends that although he repeatedly expressed a desire to represent himself during the underlying proceedings, he did not knowingly and intelligently waive his right to counsel. In particular, Allen points to the hearing on May 11, 2017, at which the district court originally granted his request to proceed pro se and appointed standby counsel to assist him. In response, the State contends that if one looks at the record as a whole rather than simply to a single hearing, it is apparent that Allen knowingly and intelligently waived his right to counsel prior to trial.

The State argues the district court properly advised Allen of his rights at a hearing held on July 11, 2018, as well as at the final pretrial conference held a few days before trial. Based on our review of the record on appeal, we agree with the State that the district court appropriately obtained a knowing and intelligent waiver from Allen prior to trial. Nevertheless, the record also reflects that Allen represented himself at critical stages of the proceedings prior to waiving his right to counsel in the manner prescribed by Kansas law.

The Sixth Amendment guarantees criminal defendants the right to the assistance of legal counsel during all critical stages of a criminal proceeding. *Miller v. State*, 298 Kan. 921, 929, 318 P.3d 155 (2014). Although neither the United States nor the Kansas Constitutions explicitly provide for a right of self-representation, the right has been implied from the right to counsel granted in the Sixth Amendment. See *Faretta v. California*, 422 U.S. 806, 821, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). To exercise the right to self-representation, a defendant must make a knowing and intelligent waiver of the right to counsel. 422 U.S. at 835; see also *State v. Bunyard*, 307 Kan. 463, 470, 410 P.3d 902 (2018); *State v. Jones*, 290 Kan. 373, 376, 228 P.3d 394 (2010); *State v. Vann*, 280 Kan. 782, 793, 127 P.3d 307 (2006).

We exercise unlimited review over questions involving the interrelated rights to counsel and self-representation. *Bunyard*, 307 Kan. at 470. However, the determination of whether a waiver of the right to counsel was knowingly and intelligently made depends on the facts and circumstances of each case. *State v. Buckland*, 245 Kan. 132, 137, 777 P.2d 745 (1989). As a result, we review a district court's findings on a waiver of counsel for substantial competent evidence. See *State v. Hughes*, 290 Kan. 159, 170, 224 P.3d 1149 (2010). Furthermore, the State has the burden of showing that an accused was advised of his or her right to counsel and that their waiver of counsel was knowingly and intelligently made. *State v. Youngblood*, 288 Kan. 659, 662, 206 P.3d 518 (2009).

In determining whether a defendant has made a knowing and intelligent waiver of the right to counsel, a district court must inform the defendant of his or her rights as well as of the potential dangers of self-representation. See *Vann*, 280 Kan. 782, Syl. ¶ 3. To assist district courts in doing so, our Supreme Court has articulated a three-step framework to be used in determining whether a defendant made a knowing and intelligent waiver of his right to counsel. *State v. Burden*, 311 Kan. 859, 863, 467 P.3d 495 (2020):

"First, a court should advise the defendant of the right to counsel and to appointed counsel if indigent. Second, the defendant must possess the intelligence and capacity to appreciate the consequences of his or her decision. And third, the defendant must comprehend the charges and proceedings, punishments, and the facts necessary for a broad understanding of the case.

"To assure the defendant appreciates the consequences of waiving representation by counsel . . . the court [should] explain that the defendant will be held to the same standards as an attorney; that the judge will not assist in or provide advice about presenting a defense; and that it is advisable to have an attorney because many trial techniques, evidence rules, and the presentation of defenses require specialized training and knowledge. [Citations omitted.]" *Burden*, 311 Kan. at 863-64.

Nevertheless, district courts are not required to use any specific checklist. Instead, district courts should "weigh whether a defendant has knowingly and intelligently waived the right to counsel by examining the circumstances of each case." 311 Kan. at 864. At a minimum, the district court's inquiry should be sufficient to determine whether the defendant comprehends the nature of the charges, the significance of the proceedings, the range of potential punishments, and any additional facts essential to understanding the case. *Buckland*, 245 Kan. at 138.

Here, the record reflects the district court ultimately advised Allen of his legal rights, the consequences of his decision to represent himself, the nature of the charges, and the potential punishment prior to trial. However, Allen argues that the district court failed to appropriately determine whether his waiver of the right to counsel was knowingly and intelligently made at the hearing held on May 11, 2017. Based on our review of the record on appeal, we agree.

As discussed above, the district court considered several matters at the hearing on May 11, 2017. Although the digital recording malfunction makes it difficult to determine everything that occurred at the hearing, the transcript is sufficient for us to ascertain what was said by the district court. Although the transcript reveals that after Allen announced

9

his desire to represent himself at the hearing the district court asked two questions, we find nothing to suggest that the district court took any additional steps to assure that he appreciated the consequences of waiving representation by counsel. Likewise, the State does not point us to anything to establish that Allen made a knowing and intelligent waiver of counsel at that hearing.

Rather, the State argues that "the district court went above and beyond" at subsequent hearings to make sure that Allen's waiver was knowingly and intelligently made prior to trial. In particular, the State points us to a hearing held on July 11, 2018, and to the final pretrial conference held a few days before trial. Even though we agree that the district court did a commendable job in assuring that Allen knew his rights as well as the inherent dangers of self-representation prior to trial, the right to counsel extends to all critical stages of a criminal proceeding. *Jones*, 290 Kan. at 379. Hence, we must look to the events that occurred between May 11, 2017, and July 11, 2018, to determine whether Allen represented himself at any critical stages of the proceedings prior to knowingly and intelligently waiving his right to counsel.

In *State v. Jones*, a criminal defendant was not permitted to represent himself at his preliminary hearing after the district court made a cursory inquiry. Although the defendant later agreed to be represented by counsel at his jury trial, he appealed his convictions and argued that the district court's denial of his motion to represent himself at the preliminary hearing constituted reversible error. On appeal, a panel of this court found that any error by the district court was harmless because the defendant was represented by competent counsel at the trial. On review, the Kansas Supreme Court held that a preliminary hearing is a critical stage of a criminal prosecution and, as a result, the district court had committed structural error that required a reversal of the defendant's convictions. In reaching this conclusion, our Supreme Court found that such errors are not subject to a harmless-error analysis. 290 Kan. at 382-83.

10

More recently, a panel of this court reached a similar conclusion in *State v. Solton*, No. 123,927, 2022 WL 7824450, at *7 (Kan. App. 2022) (unpublished opinion). In *Solton*, the panel found that a district court violated the defendant's right to counsel when it allowed the defendant to represent himself at a preliminary hearing without first obtaining a knowing and intelligent waiver. Although the State argued that the defendant had effectively waived his right to counsel, the panel found that "cobbled together pieces [of the record] are not the equivalent of a proper waiver of counsel colloquy." 2022 WL 7824450, at *6.

Although the panel acknowledged in *Solton* that the defendant had requested to represent himself several times throughout the proceedings, it found that "the record has no explicit waiver of his right to counsel, let alone a knowing and intelligent waiver, until the pretrial conference." 2022 WL 7824450, at *6. The panel further found that this constituted a structural error "that is not cured because [the defendant] finally knowingly and intelligently waived his right to counsel before the jury trial." 2022 WL 7824450, at *7. Thus, the panel reversed the defendant's convictions and remanded the case for a new proceeding "commencing with a preliminary hearing." 2022 WL 7824450, at *7.

As discussed above, "the Sixth Amendment guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings." *Montejo v. Louisiana*, 556 U.S. 778, 786, 129 S. Ct. 2079, 173 L. Ed. 2d 955 (2009). The United States Supreme Court has identified the critical stages of a criminal proceeding as those that hold significant consequences for the accused. *Bell v. Cone*, 535 U.S. 685, 695-96, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002); see also *Rothgery v. Gillespie County*, 554 U.S. 191, 212 & n.16, 128 S. Ct. 2578, 171 L. Ed. 2d 366 (2008). Moreover, the right to counsel entails "the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 656, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). Consequently, a defendant "is entitled to counsel at any proceeding where an attorney's assistance may avoid the substantial

11

prejudice that could otherwise result from the proceeding." *United States v. Collins*, 430 F.3d 1260, 1264 (10th Cir. 2005) (citing *Coleman v. Alabama*, 399 U.S. 1, 9, 90 S. Ct. 1999, 26 L. Ed. 2d 387 [1970]).

Here, during the 14-month period that Allen represented himself without an adequate determination of whether he had knowingly and intelligently waived his right to counsel, he appeared pro se at several hearings. We find at least two of these hearings to have been critical stages of the criminal proceedings. First, Allen represented himself at a competency hearing held on March 23, 2018, at which the district court ordered Allen to stand trial. Second, Allen represented himself at a hearing held on May 22, 2018, at which the district court considered his motion to dismiss the charges filed against him and also considered a K.S.A. 60-455 motion filed by the State. We note that although Allen had standby counsel available at these hearings, this does not equate to the assistance of counsel as required by the Sixth Amendment. See *Vann*, 280 Kan. at 793.

We recognize that the Kansas Supreme Court has held that a "psychiatric examination of the defendant is not a critical stage during which defendant has a constitutional right to have counsel present." *State v. Mattox*, 305 Kan. 1015, 1054, 390 P.3d 514 (2017). Likewise, our Supreme Court has held that a hearing to determine whether a competency hearing is to be held is not a critical stage. *State v. Gross*, 308 Kan. 1, 15, 417 P.3d 1049 (2018). But we are aware of no Kansas cases that address the issue of whether a competency hearing itself is a critical stage of a criminal proceeding at which a defendant has a constitutional right to be represented by counsel. However, it is important to recognize that the United States Court of Appeals for the Tenth Circuit as well as several other federal appellate courts have held that a competency hearing is a critical stage. See *United States v. Collins*, 430 F.3d 1260, 1264 (10th Cir. 2005); see also *United States v. Kowalczyk*, 805 F.3d 847, 856 (9th Cir. 2015); *United States v. Ross*, 703 F.3d 856, 874 (6th Cir. 2012); *Raymond v. Weber*, 552 F.3d 680, 684 (8th Cir. 2009);

*Appel v. Horn*, 250 F.3d 203, 215 (3d Cir. 2001); *United States v. Klat*, 156 F.3d 1258, 1262 (D.C. Cir. 1998); *United States v. Barfield*, 969 F.2d 1554, 1556 (4th Cir. 1992).

We agree that a competency hearing is a critical stage of a criminal proceeding because of the substantial prejudice that could result from such a hearing without representation by counsel. Similarly, we find that a hearing on a motion to dismiss is a critical stage of a criminal proceeding. *Solton*, 2022 WL 7824450, at *5. Because there had not yet been an adequate determination of whether Allen had knowingly and intelligently waived his right to counsel at the time these hearings were held, the district court erred in allowing him to represent himself at these critical stages of the criminal proceedings. Likewise, because these hearings constitute critical stages of the criminal proceedings, we find the error is structural in nature and could not be cured by Allen's subsequent knowing and intelligent waiver of his right to counsel prior to trial. *Jones*, 290 Kan. at 382 ("A violation of a Sixth Amendment right to counsel is subject to structural error analysis.").

As a result, we conclude that we are duty-bound to reverse Allen's convictions. Accordingly, we remand this case to the district court for further proceedings. In light of this decision, it is not necessary for us to address the remaining issues presented on appeal.

Reversed and remanded with directions.

\* \* \*

MALONE, J., concurring: I concur that the result reached by the majority is required under Kansas caselaw including *State v. Burden*, 311 Kan. 859, 863, 467 P.3d 495 (2020); *State v. Vann*, 280 Kan. 782, 793, 127 P.3d 307 (2006); *State v. Buckland*, 245 Kan. 132, 137, 777 P.2d 745 (1989); and especially *State v. Jones*, 290 Kan. 373,

13

382-83, 228 P.3d 394 (2010). Kansas caselaw establishes that any violation of a defendant's right to counsel at a critical stage of the prosecution is structural error. But I think there should be room for harmless error analysis when there is an inadequate waiver of counsel at a pretrial hearing, provided the defendant adequately waives counsel (or is represented by counsel) by the time the case proceeds to trial or plea.

Anthony Darryl Allen insisted on representing himself at the end of his competency hearing on May 11, 2017, but the record is clear that the district court did not obtain an adequate waiver of counsel at that hearing. The district court later obtained an adequate waiver of counsel from Allen at a pretrial hearing on July 11, 2018, after making sure that Allen understood the nature of the charges, the significance of the proceedings, the range of potential punishment, and the dangers of self-representation. The district court also covered Allen's rights and obtained a knowing and intelligent waiver of counsel at the pretrial conference on September 13, 2019. By the time Allen's case proceeded to jury trial, he had adequately waived his right to counsel, and then he decided to invoke his right to counsel on the second day of trial.

The problem is that in the 14-month interim from May 11, 2017, to July 11, 2018, Allen represented himself at some critical pretrial hearings without adequately waiving his right to counsel. *Jones* holds such a violation is structural error. 290 Kan. at 382-83. *Jones* is slightly distinguishable because there the district court violated the defendant's right to self-representation at the preliminary hearing. Here, the district court violated Allen's right to counsel at other critical pretrial hearings by allowing him to represent himself without a knowing and intelligent waiver of counsel. But both rights emanate from the right to counsel under the Sixth Amendment to the United States Constitution, so the result must be the same. A Sixth Amendment violation of the right to counsel at a critical stage of the prosecution is structural error and cannot be considered harmless.

A critical stage of the prosecution is one that holds significant consequences for the accused. *Bell v. Cone*, 535 U.S. 685, 695-96, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002). Allen represented himself at two critical stages of the prosecution without having made an adequate waiver of counsel. First, Allen represented himself at a competency hearing on March 23, 2018, at which the district court ordered Allen competent to stand trial. Second, Allen represented himself at a hearing on May 22, 2018, at which the district court considered Allen's pro se motion to dismiss the charges filed against him, and the court also considered a K.S.A. 60-455 motion filed by the State.

Most courts that have addressed the subject hold that a competency hearing is a critical stage of the prosecution, and I agree. But Allen's competency hearing on March 23, 2018, was his third competency hearing in the case, and the district court found Allen competent to stand trial at each hearing. The district court almost always adopts the findings from the court-ordered mental health evaluation at a competency hearing, and the presence of legal counsel rarely will affect the outcome of the hearing. I also agree that a hearing on a motion to dismiss usually would be a critical stage. But here, the district court denied Allen's pro se motion to dismiss "for lack of evidence outside of hearsay statements" because the motion had no merit; Allen having counsel would have made no difference. And as for the State's K.S.A. 60-455 motion, the record reflects it was denied. So, in Allen's case, the record reflects that the pretrial violation of his right to counsel had no prejudicial effect on the outcome of the criminal proceedings against him.

Errors are structural when they defy analysis by harmless error standards because they affect the framework within which the trial proceeds. *Arizona v. Fulminante*, 499 U.S. 279, 309-10, 111 S. Ct. 1246, 113 L. Ed. 2d 302 (1991). The United States Supreme Court has identified "a 'very limited class of cases'" involving structural errors, including: (1) total deprivation of counsel; (2) lack of an impartial trial judge; (3) denial of the right to self-representation at trial; (4) violation of the right to a public trial; (5) erroneous reasonable doubt instruction; and (6) unlawful exclusion of members of defendant's race

15

from a grand jury. *Neder v. United States*, 527 U.S. 1, 8, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999); see *State v. Johnson*, 310 Kan. 909, 914, 453 P.3d 281 (2019) (listing errors).

When a defendant's right to counsel or right to self-representation is denied at a trial, then I agree that the Sixth Amendment violation is structural error. But a situation like Allen's is different where the district court allowed Allen to represent himself at some pretrial hearings without obtaining an adequate waiver of counsel, but later obtained a valid waiver before the trial. Allen repeatedly insisted on representing himself at the pretrial stages in the State's criminal prosecution against him. Significantly, Allen did not change his mind about representing himself even after the district court gave him the proper advisories. It was not until the second day of his jury trial—long after Allen had been properly advised about his right to counsel—that Allen decided he would be better off allowing his standby counsel to take over the proceedings.

In a situation like Allen's—where there is a right to counsel violation during pretrial hearings that is later corrected before the trial or a plea—a court should be allowed to examine the entire record and decide whether the violation denied the defendant a fair disposition and resolution of the charges. The burden must be on the State to show harmless error beyond a reasonable doubt. *State v. Ward*, 292 Kan. 541, 568-69, 256 P.3d 801 (2011) (holding a court will declare a constitutional error harmless only when the party benefitting from the error shows beyond a reasonable doubt that the error did not affect the outcome of the trial in light of the entire record). In Allen's case, based on the record subject to our review, a good argument can be made that the pretrial violation of his right to counsel did not affect the final disposition of his case.

Allen was a difficult defendant. He went through five appointed attorneys and represented himself for much of the case before invoking his right to counsel on the second day of trial. The district court allowed Allen to represent himself at critical pretrial hearings without obtaining an adequate waiver of counsel, but later obtained a

16

valid waiver before the trial. Because the pretrial violation of Allen's right to counsel was corrected before the trial, the violation does not defy analysis by harmless error standards. But finding the violation in Allen's case to be harmless error cannot be squared with the holding in *Jones*. If Allen's case is further reviewed, the Kansas Supreme Court should reevaluate whether a pretrial violation of a defendant's right to counsel or right to self-representation at a critical stage of the prosecution is subject only to structural error.

BRUNS, J., joins in the foregoing concurrence.