NOT DESIGNATED FOR PUBLICATION

No. 128,036

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHARLES M. TORRENCE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID KAUFMAN, judge. Submitted without oral argument. Opinion filed September 19, 2025. Affirmed.

*Mark Sevart*, of Derby, for appellant, and *Charles M. Torrence*, pro se appellant.

*Robin L. Sommer*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., MALONE and HURST, JJ.

PER CURIAM: Charles M. Torrence appeals the district court's summary denial of his third K.S.A. 60-1507 motion. Torrence has filed a brief on appeal through appointed legal counsel and also has filed a pro se supplemental brief. For reasons more fully explained below, we find that Torrence's K.S.A. 60-1507 motion was untimely and successive and affirm the district court's judgment denying the motion.

1

This court knows Torrence well. This appeal arises from the summary denial of Torrence's third K.S.A. 60-1507 motion. The facts are set forth in our court's opinion denying Torrence's direct appeal:

"Torrence was identified as a potential suspect in a series of armed robberies in Wichita between January and April 2013. On April 15, 2013, officers responded to a call of a vehicle containing a possible armed robbery suspect. Officers observed three individuals in the vehicle. LaDonna Barfell was seated in the driver's seat, Torrence was seated in the front passenger seat, and John Byrd was seated in the back seat. As they approached, the officers noticed Torrence moving around reaching for the glovebox and floorboard areas. The officers arrested Torrence and subsequently located a handgun in the glovebox.

"Torrence was charged in three separate cases. In 13-CR-942, the State charged him with one count of attempted aggravated robbery at a Neighborhood Walmart store on January 20, 2013, in which he approached a cashier, demanded money, told her he had a gun, and threatened to shoot everyone in the store if she did not comply. In 13-CR-1383, the State charged him with aggravated robbery and criminal possession of a firearm based on robbery of a Cricket Wireless store on February 27, 2013, in which he took an iPhone from inside the store and threatened the store manager, S.C., with a firearm as she attempted to take back the phone. In 13-CR-1713, the State charged him with three counts: aggravated robbery based on armed robbery of a Dollar General store on January 27, 2013, in which he approached the cashier, A.L., demanded money from the register, and showed A.L. a knife; robbery of a Walmart store on January 29, 2013, in which he demanded money from a cashier; and aggravated robbery of a Dillon's store on April 7, 2013, in which he approached a cashier, demanded money, and pointed a gun at her.

"All three cases involving six counts were consolidated for a jury trial by agreement of the parties. The jury convicted Torrence of all charges. Following his convictions, Torrence filed a motion for a new trial and motion for arrest of judgment, alleging ineffective assistance of counsel. The district court conducted an evidentiary hearing where it heard testimony from Torrence's trial counsel and trial counsel's

2

investigator and took the matter under advisement. At a subsequent hearing, the district court gave an extensive oral ruling denying the motions.

> "Torrence was sentenced to 136 months' imprisonment in 13-CR-942; 247 months' imprisonment in 13-CR-1383; and 342 months' imprisonment in 13-CR-1713. The district court ordered his sentences to run consecutively for a total controlling sentence of 725 months' imprisonment." *State v. Torrence*, No. 114,546, 2017 WL 1535137, at *1 (Kan. App. 2017) (unpublished opinion) (*Torrence I*).

Torrence represented himself on and off in district court, which has become a point of contention in this appeal. In case No. 13-CR-942 (Case 1), on April 30, 2013, the district court held a preliminary hearing where Torrence appeared with counsel who told the court that Torrence wanted to proceed pro se. Torrence agreed and the district court questioned whether Torrence had legal training. Torrence stated he had a degree in paralegal studies and had worked for various attorneys in that capacity. The district court did not rule in that hearing and instead continued the hearing for a few weeks later.

The district court held another hearing in Case 1 on May 3, 2013, this time for the purpose of Torrence's motion to proceed pro se. The district court walked Torrence through the considerations this court proscribed in *State v. Lowe*, 18 Kan. App. 2d 72, 74-78, 847 P.2d 1334 (1993), to ensure a waiver of counsel was voluntarily and intelligently made with consideration of the dangers and disadvantages of self-representation. Torrence reaffirmed his desire to proceed pro se with standby counsel, and the district court found that he waived his right to counsel voluntarily and intelligently.

After the May 3, 2013 hearing in Case 1, two other cases were filed against Torrence. Case No. 13-CR-1383 (Case 2) was filed on May 24, 2013. Case No. 13-CR-1713 (Case 3) was filed on June 26, 2013. A fourth case, case No. 13-CR-1163, was filed and at one point was consolidated with the other three cases but was unconsolidated before trial. We do not have the record in case No. 13-CR-1163 in this appeal.

3

Case 1 proceeded until June 27, 2013, when the district court held another preliminary hearing. At the start of the hearing Torrence's standby counsel, at Torrence's direction, filed a motion to have Torrence evaluated for competency to proceed with trial. Torrence agreed on the record to undergo an evaluation. The district court granted the motion, ordered the evaluation, and stayed the proceedings.

The district court held a joint competency hearing on August 13, 2013. Torrence appeared pro se and with standby counsel. The district court acknowledged the results of the competency examination and found Torrence competent to stand trial. The district court lifted the stay and later consolidated the cases for trial.

At a hearing on October 25, 2013, Torrence moved to have new counsel appointed and not to proceed pro se. The district court granted the motion and appointed Torrence new counsel. Cases 1, 2, and 3 proceeded to jury trial, and Torrence was represented by counsel at the trial. The jury found Torrence guilty of all charges. Torrence filed a posttrial motion alleging ineffective assistance of trial counsel. The district court held an evidentiary hearing and denied the motion. Torrence's convictions and sentences were upheld on direct appeal, and the mandate was issued on March 26, 2018.

Torrence filed his first K.S.A. 60-1507 motion raising various issues including a claim that he lacked full representation at his competency hearing. The district court denied the motion, and this court affirmed in *State v. Torrence*, No. 120,077, 2020 WL 6930802 (Kan. App. 2020) (unpublished opinion) (*Torrence II*). Torrence filed his second K.S.A. 60-1507 motion in October 2022 that the district court summarily denied as conclusory and successive. This court affirmed the denial based solely on the motion's untimeliness. *Torrence v. State*, No. 126,880, 2025 WL 1420126, at *8 (Kan. App. 2025) (unpublished opinion), *petition for rev. denied* August 20, 2025 (*Torrence III*).

Before this court affirmed the denial of Torrence's second K.S.A. 60-1507 motion, he filed a third motion on June 27, 2023, the subject of this appeal. Torrence's motion raised four claims, although the first two claims are closely related: (1) that a change in the law demonstrated there had not been a knowing and intelligent waiver of counsel at his competency hearing; (2) that the courts left him with no forum to be heard on his waiver of counsel claim at the competency hearing; (3) that a change in the law demonstrated he is actually innocent of a possession of a weapon conviction; and (4) that the district court inordinately delayed in ruling on his second K.S.A. 60-1507 motion leaving him without a forum for relief and amounting to a due process violation.

The district court summarily denied the motion with a brief order finding each of Torrence's claims either meritless, untimely, or as not a legal basis for habeas corpus relief. The district court found Torrence cited a single case in support of his waiver of counsel and competency hearing claims that did not at all relate to the claims and otherwise suggested that the proceedings and waivers were adequate. On the possession of a weapon claim, the district court found that Torrence had not identified how any change in the law applied retroactively or how it affected the sufficiency of the evidence to support the conviction. Finally, on the claim about the untimely ruling on the second K.S.A. 60-1507 motion, the district court found the claim did not provide a legal basis for granting habeas corpus relief. Torrence timely appealed the district court's judgment.

ANALYSIS

Torrence's brief on appeal filed by legal counsel addresses three issues raised in the K.S.A. 60-1507 motion: (1) Torrence did not voluntarily and intelligently waive his right to counsel at his competency hearing; (2) there was insufficient evidence to support a firearm conviction in one of his cases; and (3) the district court's delayed ruling on the second K.S.A. 60-1507 motion amounted to a denial of due process. Torrence filed a pro

5

se supplemental brief focusing on the waiver of counsel issue at the competency hearing. The State's brief argues that all claims are successive, untimely, and lack merit.

"'When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to any relief.'" *State v. Roberts*, 310 Kan. 5, 12, 444 P.3d 982 (2019). This court accepts the factual allegations set forth in the motion as true, but those allegations must be specific and not mere conclusions. *Skaggs v. State*, 59 Kan. App. 2d 121, 130-31, 479 P.3d 499 (2020).

Under K.S.A. 2024 Supp. 60-1507(c), district courts need not consider more than one habeas motion seeking similar relief filed by the same prisoner. See *State v. Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022). See Supreme Court Rule 183(d) (2025 Kan. S. Ct. R. at 237). A movant is presumed to have listed all grounds for relief in an initial K.S.A. 60-1507 motion and "must show exceptional circumstances to justify the filing of a successive motion." 315 Kan. at 160. Exceptional circumstances are unusual events or intervening changes in the law that prevented the movant from reasonably raising the issue in the first postconviction motion. 315 Kan. at 160.

Generally, a defendant has one year from when a conviction becomes final to file a K.S.A. 60-1507 motion. K.S.A. 2024 Supp. 60-1507(f)(1). The one-year time limitation may be extended by the district court only to prevent a manifest injustice. K.S.A. 2024 Supp. 60-1507(f)(2). For purposes of finding manifest injustice, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year limitation or whether the prisoner makes a colorable claim of actual innocence. K.S.A. 2024 Supp. 60-1507(f)(2)(A). The term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence. K.S.A. 2024 Supp. 60-1507(f)(2)(A).

6

*Waiver of counsel and the competency hearings*

Torrence alleged in his motion that a change in the law demonstrated that there had not been an adequate determination on whether he "knowingly and intelligently waived his right to counsel at his competency hearing" and that he was left with no avenue for relief on that claim. Elsewhere in his motion, Torrence elaborated that in 2022 a competency hearing was deemed a critical stage of the proceedings, but he claimed he did not adequately waive his right to counsel before his competency proceeding. Torrence's motion below was lean and contained little more than conclusory assertions that a change in the law showed his waiver of the right to counsel was inadequate.

Torrence better explains his position on appeal, especially in his pro se supplemental brief. Torrence argues that he only knowingly and intelligently waived his right to counsel in Case 1, but not in the other cases that were later consolidated for trial. Thus, Torrence argues that he never knowingly and intelligently waived his right to counsel in the other cases before his joint competency hearing on August 13, 2013. Relying on *State v. Allen*, 62 Kan. App. 2d 802, 522 P.3d 355 (2022), *petition for rev. granted* 317 Kan. 846 (2023). Torrence argues that a competency hearing is a critical stage of the criminal proceedings and the record must show that a pro se defendant has adequately waived counsel before proceeding with a competency hearing. Thus, because the joint competency hearing was a critical stage in the proceedings and the record does not show that he waived his right to counsel in the other cases, Torrence argues that he should have been represented at that hearing by counsel, and not just standby counsel.

Torrence knowingly and intelligently waived his right to counsel in Case 1 before the competency hearing on August 13, 2013. But Torrence is correct that the record does not show that he adequately waived his right to counsel in the other cases before he appeared with only standby counsel at the competency hearing. Standby counsel does not equate to the assistance of counsel required by the Sixth Amendment to the United States

7

Constitution. The State has the burden of showing that an accused was advised of their right to counsel and that their waiver of counsel was knowingly and intelligently made. *State v. Youngblood*, 288 Kan. 659, 662, 206 P.3d 518 (2009). And a waiver of counsel may not be presumed from a silent record. 288 Kan. at 662.

So on the merits of the claim, the record does not conclusively show that Torrence is entitled to no relief on the merits of his claim about waiver of counsel at the competency hearing. But this court is not limited to an analysis of the district court's findings on the merits of the claim, and it may affirm the district court's decision for any reason. *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015). This court did just that in *Torrence III*, the appeal of the denial of Torrence's second K.S.A. 60-1507 motion. In that case, this court acknowledged that the district court denied Torrence's motion because it was conclusory and successive. This court then chose to forgo any analysis at all on the district court's findings and instead focused solely on the motion's timeliness, which was not addressed below. *Torrence III*, 2025 WL 1420126, at *4.

As we said before, a district court need not consider more than one habeas motion seeking similar relief filed by the same prisoner. K.S.A. 2024 Supp. 60-1507(c); *Mitchell*, 315 Kan. at 160. A movant is presumed to have listed all grounds for relief in an initial motion and must show exceptional circumstances to justify the filing of a successive motion. 315 Kan. at 160. Likewise, a defendant has one year from when a conviction becomes final to file a K.S.A. 60-1507 motion, and the deadline can be extended only to prevent a manifest injustice. K.S.A. 2024 Supp. 60-1507(f). So we will examine whether the waiver of counsel claim is procedurally barred as successive and untimely.

Torrence's claim is successive. Claims that could have or should have been raised in a prior K.S.A. 60-1507 motion are deemed successive. *Manco v. State*, 51 Kan. App. 2d 733, 736, 354 P.3d 551 (2015). This was Torrence's third motion and not the first where he raised the issue of his representation at the competency hearing. This court has

8

already addressed a similar claim that Torrence should have been represented at the competency hearing during the appeal of the denial of Torrence's first K.S.A. 60-1507 motion. *Torrence II*, 2020 WL 6930802, at *2-3. This court denied the claim in part because it could have been raised even sooner during posttrial motions. 2020 WL 6930802, at *3.

Successive motions may be addressed under exceptional circumstances. The only such circumstances Torrence alleges on appeal is his status as an occasional pro se litigant and that the similar issue in his first K.S.A. 60-1507 motion was not addressed by this court on the merits. But this court has held that the limitation on successive motions in K.S.A. 60-1507(c) does not rely on previous motions being resolved on the merits. *Manco*, 51 Kan. App. 2d at 738 ("Manco perceives he has the right to file a K.S.A. 60-1507 motion whenever he wants for issues he has previously raised that he claims have not been considered on the merits. That is simply not the law."). And pro se litigants are held to the same standard as litigants represented by counsel, so Torrence's pro se status is far from exceptional. *Wilson v. State*, 40 Kan. App. 2d 170, 178, 192 P.3d 1121 (2008) (holding pro se litigants to the same procedural standard as represented litigants).

Torrence's pro se supplemental brief refers to *Allen* as being a "new development" in the law justifying the filing of his successive motion. Torrence is correct that *Allen* addresses the issue that a competency hearing is a critical stage of the proceeding and the record must show that a pro se defendant has adequately waived counsel before the district court proceeds with a competency hearing. *Allen*, 62 Kan. App. 2d at 807-12. But the *Allen* case itself does not provide exceptional circumstances allowing for a successive K.S.A. 60-1507 motion for two reasons: (1) There is nothing in the discussion in *Allen* that amounts to a change in the law that prevented Torrence from raising his issue sooner and (2) a petition for review has been granted in *Allen*, so the Court of Appeals decision "has no force or effect" under Supreme Court Rule 8.03(k)(2) (2025 Kan. S. Ct. R. at 61).

Torrence's motion is also untimely by several years. The mandate denying his direct appeal was issued on March 26, 2018, and Torrence did not file this K.S.A. 60-1507 motion until June 27, 2023. He failed to meet the one-year deadline, which can be extended only to prevent a manifest injustice. K.S.A. 2024 Supp. 60-1507(f)(2). Torrence cites his status as a pro se litigant as the reason for not bringing the claim within the one-year deadline. But as stated above, a pro se litigant is held to the same procedural standard as any other litigant. *Wilson*, 40 Kan. App. 2d at 178. As for actual innocence, Torrence does not allege any new evidence applies in his case. With regard to the timing of the *Allen* case, which this court ruled on in 2022, that case does not excuse timeliness for the same reason it does not excuse successiveness. The *Allen* case merely clarified that competency hearings are critical stages in criminal proceedings. It did not change the law in that regard and give rise to this claim for the first time. Nothing was stopping Torrence from making this argument sooner even if the *Allen* case never existed.

Regardless of any merit that may exist concerning Torrence's claim about his waiver of counsel at the competency hearing, Torrence fails to overcome the procedural hurdles that this claim is successive with no showing of exceptional circumstances and untimely with no showing of manifest injustice. We affirm the district court's denial of this claim because it is both successive and untimely. Although untimeliness is a procedural bar to all the claims raised in Torrence's K.S.A. 60-1507 motion, we will briefly address the other two issues raised on appeal by Torrence's appointed counsel.

*Sufficiency of the evidence*

Torrence next claims that the evidence was insufficient to support his conviction of possession of a firearm by a convicted felon. He asserted in his K.S.A. 60-1507 motion that he was charged with possession of a firearm by a convicted felon under K.S.A. 2013 Supp. 21-6304(a)(3)(A). That statute required that Torrence have a prior conviction of a felony specifically enumerated therein. K.S.A. 2013 Supp. 21-6304(a)(3)(A). Torrence

10

stipulated to a prior felony conviction, but he argues that he stipulated generally to a prior felony conviction and not to one of the specific felonies enumerated in the statute. Thus, he argues his conviction of possession of a firearm by a convicted felon should not stand.

But in his appellate brief, Torrence refutes his own argument. He acknowledges that he stipulated to having been convicted of aggravated robbery under K.S.A. 2013 Supp. 21-5420(b), which is one of the listed felonies that can satisfy the prior conviction element in K.S.A. 2013 Supp. 21-6304(a)(3)(A). The claim lacks merit on its face. Moreover, absent exceptional circumstances, a challenge to the sufficiency of the evidence to support a conviction is an issue that should have been raised by Torrence in his direct appeal. *Long v. State*, No. 88,240, 2004 WL 794430, at *3 (Kan. App. 2004) (unpublished opinion) (affirming the summary denial of a sufficiency of the evidence claim). In fact, Torrence challenged the sufficiency of the evidence to support his firearm conviction in his direct appeal, although he makes a different argument now than in his direct appeal. *Torrence I*, 2017 WL 1535137, at *6. Torrence has not asserted in his motion or on appeal any kind of exceptional circumstance to excuse his failure to raise this argument earlier.

*The delay in ruling on Torrence's second K.S.A. 60-1507 motion*

Torrence's final claim on appeal is that the district court took too long to rule on his second K.S.A. 60-1507 motion and that the delay violated his right to due process. But Torrence makes no argument in his appellate brief why he is entitled to relief on this claim in this appeal and concedes this is an issue that affects his second K.S.A. 60-1507 motion—not this one. We agree and find that Torrence has abandoned this claim in this appeal. *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017) (a point raised incidentally in a brief and not argued is waived and abandoned).

Affirmed.

11